UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |  |
|---|---|---|
| TIMOTHY P. TOMS, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 05-1981 (PLF) |
| ALAN HANTMAN, et al., | ) ) ) | |
| Defendants. | ) ) | |

ORDER

Plaintiff, who is proceeding *pro se* in this matter, filed an affidavit of service on February 16, 2006, reporting that copies of the summons and complaint in this case were mailed by Federal Express to federal officials Hector Suarez, Richard Kashurba, Serena Coleman, Carrie Apostolou, Alan Hantman, Art McIntye, and Radu Ravisca. Plaintiff's complaint appears to name these individuals as defendants in their official capacities.

Rule 4(i) of the Federal Rules of Civil Procedure states that:

Service [of process] on an agency or corporation of the United States, or an officer or employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(i)(1) and by also sending a copy of the summons and complaint <u>by registered or certified mail</u> to the officer, employee, agency, or corporation.

FED. R. CIV. P. 4(i)(2)(A) (emphasis added). Rule 4(i)(1) directs that service upon the United States shall be effected:

(A) by delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing

> filed with the clerk of the court or by sending a copy of the
> summons and of the complaint by registered or certified mail
> addressed to the civil process clerk at the office of the United
> States attorney and
> (B) by also sending a copy of the summons and of the complaint by
> registered or certified mail to the Attorney General of the United
> States at Washington, District of Columbia[.]

Plaintiff's current attempt at service does not comply with the rule because (a) he delivered service to the individual defendants by Federal Express, not by registered or certified United States mail; and (b) he has not served the United States Attorney General or the United States Attorney for the District of Columbia.

If plaintiff wishes to sue the named defendants in their official capacities, he must deliver by hand or send <u>by registered or certified mail</u> a copy of the summons and complaint to (1) Kenneth L. Wainstein, the United States Attorney for the District of Columbia, or a designated Assistant U.S. Attorney or clerical employee; (2) United States Attorney General Alberto Gonzales; and (3) each of the named defendants.  See FED. R. CIV. P. 4(i).[1]

The Rule further provides that:

---

[1]  If plaintiff wishes instead to sue the named defendants in their <u>individual</u> capacities "for acts or omission[s] occurring in connection with the performance of duties on behalf of the United States," he must serve the United States as provided by Rule 4(i)(1), and serve the individual defendants in accordance with Rule 4(e), (f), or (g).  Rule 4(e), the only one of these provisions relevant here, provides that service may be effected:

> by delivering a copy of the summons and of the complaint to the
> individual personally or by leaving copies thereof at the
> individual's dwelling house or usual place of abode with some
> person of suitable age and discretion then residing therein or by
> delivering a copy of the summons and of the complaint to an agent
> authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e)(2).

> If service of the summons and complaint is not made upon a defendant within 120 days after the filing of the complaint, the court, upon motion or on its own initiative after notice to the plaintiff, shall dismiss the action without prejudice as to that defendant or direct that service be effected within a specified time; provided that if the plaintiff shows good cause for the failure, the court shall extend the time for service for an appropriate period.

FED. R. CIV. P. 4(m). The complaint in this case was filed on October 6, 2005. Although the Court finds good cause to extend the time for service beyond the 120 days normally allowed by the Rule, the Court will not extend this deadline indefinitely.

Accordingly, it is hereby

ORDERED that plaintiff shall effect service of process upon defendants in accordance with Rule 4 of the Federal Rules of Civil Procedure; and it is

FURTHER ORDERED that, on or before April 28, 2006, plaintiff shall either file proof of such service to be filed with the Court, or file a status report with the Court advising why service has not been made. If proof of service is not filed by that date and plaintiff does not show good cause for his failure to effect service, the Court may dismiss the case under Rule 4(m) of the Federal Rules of Civil Procedure.

SO ORDERED.

/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: March 27, 2006