IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                   )
TIMOTHY P. TOMS,                   )
                                   )
         Plaintiff,                )
                                   )
     v.                            )   No. 1:05-CV-01981 (PLF)
                                   )
ALAN HANTMAN, *et al.*,            )
                                   )
         Defendants.               )
_____)

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT APOSTOLOU'S MOTION TO DISMISS**

Patricia Mack Bryan, Bar #335463
Senate Legal Counsel

Morgan J. Frankel, Bar #342022
Deputy Senate Legal Counsel

Grant R. Vinik, Bar #459848
Assistant Senate Legal Counsel

Thomas E. Caballero
Assistant Senate Legal Counsel

Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, D.C. 20510-7250
Tel: (202) 224-4435

July 14, 2006                      Counsel for Defendant Carolyn Apostolou

## TABLE OF CONTENTS

TABLE OF AUTHORITIES . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . i

INTRODUCTION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 1

ARGUMENT . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2

I.       As Plaintiff's Claim Against Defendant Apostolou Arises From Her Actions
in Assisting Subcommittee Members in Carrying Out Their Legislative
Duties, the Speech or Debate Clause Provides Her With Immunity From Suit . . . . . . . . 2

II.      No *Bivens* Remedy Should Be Created for Plaintiff's First Amendement
Claim Against Defendant Apostolou . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

III.     Plaintiff's Allegations Do Not State a First Amendment Retaliation Claim
Against Defendant Apostolou as a Matter of Law . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7

IV.     Qualified Immunity Protects Defendant Apostolou From Plaintiff's Suit . . . . . . . . . . . . 8

CONCLUSION . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 10

## TABLE OF AUTHORITIES

**Cases:** *Page*

*Anderson v. Creighton*, 483 U.S. 635 (1987) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Bivens v. Six Unknown Named Agents of the Federal Bureau of Narcotics*,
    403 U.S. 388 (1971) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Bush v. Lucas*, 462 U.S. 367 (1983) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Butera v. District of Columbia*, 235 F.3d 637 (D.C. Cir. 2001) . . . . . . . . . . . . . . . . . . . . . . . . . 9

*Doe v. McMillan,* 412 U.S. 306 (1973) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 2, 3, 4, 5

*Eastland v. United States Servicemen's Fund*, 421 U.S. 491 (1975) . . . . . . . . . . . . . . . . . . . . . 3

*Government of Virgin Islands v. Lee*, 775 F.2d 5l4 (3ᵈ Cir. 1985) . . . . . . . . . . . . . . . . . . . . . . 3

\* *Gravel v. United States*, 408 U.S. 606 (1972) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3, 4

*Harlow v. Fitzgerald*, 457 U.S. 800 (1982) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 8

*McSurely v. McClellan*, 553 F.2d 1277 (D.C. Cir. 1976) (en banc),
    *cert. dismissed*, 438 U.S. 189 (1978) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 3

*Miller v. Transamerican Press, Inc.*, 709 F.2d 524 (9th Cir. 1983) . . . . . . . . . . . . . . . . . . . . 3, 4

*Minpeco, S.A. v. Conticommodity Services, Inc.*, 844 F.2d 856 (D.C. Cir. 1988) . . . . . . . . . . . 4

\* *Payne v. Meeks*, 200 F. Supp.2d 200 (E.D.N.Y. 2002) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6

*Schweiker v. Chilicky*, 487 U.S. 412 (1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*Shehee v. Luttrell*, 199 F.3d 295 (6th Cir. 1999) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 7, 8

\* *Spagnola v. Mathis*, 859 F.2d 223 (D.C. Cir. 1988) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 6, 7

*United States v. Johnson,* 383 U.S. 169 (1966) . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

*United Transp. Union v. Springfield Terminal Ry. Co.*, 132 F.R.D. 4 (D. Me. 1990) . . . . . . . . 3

**Statutes**:

Congressional Accountability Act ("CAA"), Pub. L. No. 104-1, 109 Stat. 3 (1995)
    *codified at* 2 U.S.C. §§ 1301-1438 . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . 5

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|  |  |
|---|---|
| TIMOTHY P. TOMS, | ) |
| Plaintiff, | ) |
| v. | ) No. 1:05-CV-01981 (PLF) |
| ALAN HANTMAN, *et al.*, | ) |
| Defendants. | ) |

**REPLY MEMORANDUM OF POINTS AND AUTHORITIES
IN SUPPORT OF DEFENDANT APOSTOLOU'S MOTION TO DISMISS**

**INTRODUCTION**

Plaintiff Timothy P. Toms brings this *Bivens* action alleging that defendants[1] violated his First Amendment rights when he was subjected to harassment and eventual dismissal from his position in the office of the Architect of the Capitol in retaliation for reporting misconduct and unlawful activities in that office. Defendant Apostolou moved to dismiss plaintiff's suit against her on the grounds that: (1) the Speech or Debate Clause bars suit against Defendant Apostolou for matters arising from her legislative activities; (2) there is no *Bivens* remedy for the conduct plaintiff alleges against Defendant Apostolou; (3) plaintiff's allegations fail to state a claim against Ms. Apostolou for violating plaintiff's First Amendment rights; and (4) Defendant Apostolou is protected by qualified immunity because plaintiff alleges no actions that she undertook that violated any of plaintiff's clearly established rights.

---

[1] The defendants in this suit are Architect of the Capitol Alan Hantman, five employees in the Architect's office, a U.S. Capitol Police officer, and Carolyn Apostolou, Clerk to the Subcommittee on the Legislative Branch of the Senate Committee on Appropriations.

In response to these points, plaintiff's opposition offers mere conclusory legal assertions, none of which, as explained below, provides any basis for denying the motion to dismiss. Accordingly, for the reasons discussed herein, as well as the reasons set forth in the Memorandum of Points and Authorities in Support of Defendant Apostolou's Motion to Dismiss, the Court should dismiss all claims against Ms. Apostolou in plaintiff's complaint.

## ARGUMENT

I. **As Plaintiff's Claim Against Defendant Apostolou Arises From Her Actions in Assisting Subcommittee Members in Carrying Out Their Legislative Duties, the Speech or Debate Clause Provides Her With Immunity From Suit.**

As explained in her opening brief, Defendant Apostolou serves as the clerk of the Subcommittee on the Legislative Branch of the Senate Committee on Appropriations, which has legislative and oversight responsibility for all appropriations for the operations of the Legislative Branch, including the Architect of the Capitol. Plaintiff's complaint alleges that Ms. Apostolou blocked his effort to communicate with Senator Durbin (then-Chairman of the Subcommittee) regarding allegations of corruption in the Architect's office. Such an allegation involves matters that fall within the legislative and oversight duties of the Subcommittee. Thus, plaintiff's claim against Ms. Apostolou is based on alleged actions she took in assisting the Subcommittee with its legislative duties, and accordingly, is barred by the Speech or Debate Clause.

Plaintiff argues in response that his claims are not barred by Speech or Debate immunity because (a) Defendant Apostolou failed to show that she was engaged in any type of "legislative act" in dealing with Mr. Toms' communications to Senator Durbin, and (b) she is only a "'legislative functionar[y]' . . . not entitled to the 'Clause's' protection." Pl.'s Opp. at 4 (citing *Doe v. McMillan*, 412 U.S. 306, 313-316 (1973)). Both of these arguments are contrary to established legal precedent.

2

First, the Supreme Court has made clear that the Speech or Debate Clause covers any actions that "fall within the sphere of legitimate legislative activity." *Eastland v. United States Servicemen's Fund*, 421 U.S. 491, 501 (1975); *see also Gravel v. United States*, 408 U.S. 606, 625 (1972). It is well established that investigative and oversight activities taken to inform the Congress, its committees, and its Members in the performance of their legislative duties fall within the sphere of legitimate legislative activity protected by the Clause. *See Eastland*, 421 U.S. at 504. "The acquisition of knowledge through informal sources is a necessary concomitant of legislative conduct," the D.C. Circuit has explained, "and thus should be within the ambit of the [Speech or Debate] privilege so that congressmen are able to discharge their constitutional duties properly." *McSurely v. McClellan*, 553 F.2d 1277, 1286-87 (D.C. Cir. 1976) (en banc) (quoting Reinstein & Silverglate, *Legislative Privilege and the Separation of Powers*, 86 Harv. L. Rev. 1113, 1154 (1973)), *cert. dismissed*, 438 U.S. 189 (1978). *Cf. also Government of Virgin Islands v. Lee*, 775 F.2d 514, 521 (3$^d$ Cir. 1985); *Miller v. Transamerican Press, Inc.*, 709 F.2d 524, 530 (9th Cir. 1983). Hence, plaintiff's assertion that no support exists for Ms. Apostolou's actions being treated as legislative acts protected by the Speech or Debate Clause is belied by the above-cited cases that support Ms. Apostolou's immunity to claims arising from her assistance to the Subcommittee in overseeing and legislating for the Legislative Branch and her decision on whether and how to pass on communications about those matters to the Senators whom she serves as Subcommittee clerk. *Cf. United Transp. Union v. Springfield Terminal Ry. Co.*, 132 F.R.D. 4, 6 (D. Me. 1990) (internal communications between Members and their aides covered by Speech or Debate Clause).

Plaintiff's second argument, that under *Doe v. McMillan*, 412 U.S. 306 (1973), Ms. Apostolou's status as a committee aide makes her a "legislative functionar[y]" not entitled to

3

Speech or Debate Clause protections, *see* Pl.'s Opp. at 4, is similarly without merit. The Supreme Court in *Gravel v. United States* expressly held that in applying the Clause, a "Member and his aide are to be 'treated as one,'" 408 U.S. at 616 (citation omitted), explaining that "[w]e have little doubt that we are neither exceeding our judicial powers nor mistakenly construing the Constitution by holding that the Speech or Debate Clause *applies not only to a Member but also to his aides insofar as the conduct of the latter would be a protected legislative act if performed by the Member himself.*" *Id.* at 618 (emphasis added). After *Gravel*, lower courts have likewise recognized that congressional "aides may invoke the privilege to the extent that the Congressman may and does claim it." *Miller*, 709 F.2d at 530; *see also Minpeco, S.A. v. Conticommodity Services, Inc.*, 844 F.2d 856 (D.C. Cir. 1988) (quashing subpoenas to congressional staff). That Ms. Apostolou is a clerk of the Subcommittee does not remove her from the protections of the Speech or Debate Clause.

    *Doe v. McMillan* is not contrary to this conclusion. In that case, the plaintiffs sued, *inter alia*, Members of Congress, committee aides, the Public Printer, and the Superintendent of Documents over the distribution to the public of a congressional committee report on D.C. schools that the plaintiffs alleged invaded the privacy of their children. 412 U.S. at 307-09. The Supreme Court held that the Members *and the committee aides* who had "conduct[ed] the hearings, prepar[ed] the report, and authoriz[ed] its publication" were engaged in legislative acts "protected by the Speech or Debate Clause" and were therefore properly dismissed from the suit. *Id.* at 317-18. However, the Court ruled that the public distribution of the committee report outside the Congress was not protected by the Speech or Debate Clause. *See id.* at 313-17. The Court, therefore, found that the Public Printer and the Superintendent of Documents, who accomplished that distribution, were "legislative functionaries carrying out . . . nonlegislative

directives," and were not protected by Speech or Debate immunity. *Id.* at 315. That the Court had affirmed the dismissal of the committee staff defendants on Speech or Debate Clause grounds demonstrates clearly that its holding that the Public Printer and the Superintendent of Documents were not protected by the Clause was based on the non-legislative nature of the activity they performed – public distribution of a committee report – not on any "functionary" status of the defendants.[2]

## II.     No *Bivens* Remedy Should Be Created for Plaintiff's First Amendment Claim Against Defendant Apostolou

As explained in the opening brief, by enacting the Congressional Accountability Act ("CAA"), Pub. L. No. 104-1, 109 Stat. 3 (1995), *codified at* 2 U.S.C. §§ 1301-1438, in conjunction with the Civil Service Reform Act ("CSRA"), Congress has created a comprehensive scheme governing employment in the Legislative Branch (including the Architect's office), and its failure to provide a specific remedy in that scheme for the claim plaintiff raises here was not inadvertent. *See* Memorandum of Points and Authorities in Support of Defendant Apostolou's Motion to Dismiss at 13-15.[3] Accordingly, under the Supreme Court's

---

[2] Plaintiff also argues that the protections of the Clause are denied "in cases like this, where criminal activity involving the security of the person or property of others is involved," and "where the rights of other persons are at stake." Pl.'s Opp. at 4 (citing *Doe v. McMillan*, 412 U.S. at 315-16). This statement is inapposite. This case is an employment dispute regarding a former employee; it is not a criminal matter. Also, though not relevant to the present case, that the Clause does apply in criminal cases. *See United States v. Johnson*, 383 U.S. 169, 181-85 (1966). Furthermore, courts often have found Members or their aides protected from suit by the Speech or Debate Clause in cases where the "rights of other persons" were at stake. Indeed, as lawsuits by their very nature involve plaintiffs claiming that their rights have been violated, the Speech or Debate Clause would provide little protection if, as plaintiff argues, it could be overcome whenever individual rights were at issue in a case.

[3] Plaintiff appears to concede that the lack of a specific remedy for his claim under the CAA was not the result of inadvertence on Congress' part. *See* Pl.'s Opp. at 6 (Congress "had
(continued...)

teaching in *Bush v. Lucas*, 462 U.S. 367 (1983) and *Schweiker v. Chilicky*, 487 U.S. 412 (1988), and this Circuit's opinion in *Spagnola v. Mathis*, 859 F.2d 223 (D.C. Cir. 1988), there is no basis for creating a *Bivens* remedy for plaintiff's claim against Ms. Apostolou.

      Plaintiff responds by asserting, without citing a single case, that "there is no precedent justifying this court[']s" not extending a *Bivens* remedy to plaintiff's claim. Pl.'s Opp. at 6. On the contrary, Defendant Apostolou's argument is supported not only by the Supreme Court and D.C. Circuit case law cited above, but also by numerous other cases cited by Defendant Apostolou in her opening brief. *See* Memorandum of Points and Authorities in Support of Defendant Apostolou's Motion to Dismiss at 11-16. Indeed, Defendant Apostolou in her opening brief cited to a district court case, *Payne v. Meeks*, 200 F. Supp.2d 200 (E.D.N.Y. 2002), that decided this very question. In *Payne*, the court declined to extend a *Bivens* remedy to a First Amendment retaliation claim brought by a legislative branch employee against her employer. *See* 200 F. Supp.2d at 204-06. The court held that the CAA and the CSRA created a comprehensive scheme governing legislative branch employment and that Congress' failure to provide a remedy for a First Amendment claim of retaliation under the CAA was not inadvertent. *See id.* at 205-06. Plaintiff's opposition does not address, much less attempt to distinguish, the *Payne* court's sound reasoning, which the Court here should follow.

      Plaintiff's other argument, that the administrative remedy process provided to employees of the Architect lacks procedural protections for the employee, *see* Pl.'s Opp. at 6, is inapposite to the question of whether to recognize a *Bivens* remedy. The Supreme Court has "made clear

---

     ³(...continued)
every opportunity . . . to subsume the C[A]A into the CSRA," presumably to provide whistleblower protections to legislative employees, but "[i]t specifically did not do so.").

6

that it is the comprehensiveness of the statutory scheme involved, *not the 'adequacy' of specific remedies extended thereunder*, that counsels judicial abstention." *Spagnola*, 859 F.2d at 227 (emphasis added) (citing *Chilicky*, 487 U.S. at 421-23).

### III.    Plaintiff's Allegations Do Not State a First Amendment Retaliation Claim Against Defendant Apostolou as a Matter of Law

Defendant Apostolou demonstrated in her opening memorandum that because she had no authority to hire, terminate, or otherwise control the employment of individuals in the Architect's office, plaintiff fails to state a claim against her for the termination of his employment in alleged retaliation for exercising his First Amendment rights. Plaintiff responds that, as a clerk to Senator Durbin on the Legislative Branch Subcommittee of the Committee on Appropriations, Ms. Apostolou had influence over the Architect's office because that Subcommittee had authority over the budget of the Architect. *See* Pl.'s Opp. at 7. This assertion, however, does not substitute for a colorable allegation that Ms. Apostolou, the Subcommittee clerk, took action in terminating plaintiff. Plaintiff did not and cannot make such an allegation because Ms. Apostolou does not have such authority over employees of the Architect.

*Shehee v. Luttrell*, 199 F.3d 295, 301 (6th Cir. 1999), cited by Defendant Apostolou in her opening brief, supports this conclusion. In *Shehee*, plaintiff, a federal prisoner, worked in the prison commissary for two Bureau of Prisons employees, Fleming and Morgan. See *Shehee*, 199 F.3d at 297. After being accused by Fleming and Morgan of attempting to make alcohol from fruit in the commissary, the prisoner filed informal grievance complaints alleging that Fleming and Morgan made the accusations against him because he had refused to cooperate in their kickback scheme. *See id.* at 297-98. Fleming and Morgan's supervisor then fired the prisoner from the commissary, and the prisoner brought suit against these officials, alleging that they

7

violated his First Amendment rights by retaliating against him for filing a grievance. *See id.* at 298. The court of appeals held that the prisoner's claim of retaliation against Fleming and Morgan should be dismissed, agreeing that "they cannot be liable because they neither fired nor had the authority to fire [the prisoner] from his job at the commissary, the retaliatory act of which [he] complains." *Id.* at 300. Even though the prisoner contended that "Fleming and Morgan instigated his firing," the court of appeals nevertheless held that "these men did not have the ability to terminate [the prisoner] from his commissary position," and "[f]or this reason, [he] simply does not set forth a valid First Amendment retaliation claim against Fleming or Morgan." *Id.* at 301. Similarly here, where Ms. Apostolou exercises no authority in hiring, firing, or otherwise controlling the assignment of employees in the Architect's office, plaintiff's assertion that Ms. Apostolou had influence over the Architect's office because she worked for a Subcommittee with legislative authority over the Architect is insufficient as a matter of law to state a First Amendment claim for the termination of plaintiff's employment.[4]

## IV. Qualified Immunity Protects Defendant Apostolou From Plaintiff's Suit

In her opening brief, Defendant Apostolou asserted that she is immune from plaintiff's suit under the doctrine of qualified immunity because the actions that she is alleged to have taken did not violate any clearly established rights of plaintiff. Plaintiff argues that qualified immunity should not protect Ms. Apostolou because she had "constructive notice" that her actions would violate plaintiff's First Amendment rights insofar as "since *Harlow* [*v. Fitzgerald*, 457 U.S. 800

---

[4] Plaintiff also asserts in his opposition that "Ms. Apostolou sent a clear message when she conveyed the good senator's views that he did not want to hear evidence of public corruption," Pl.'s Opp. at 7, and that "[s]he later claimed to speak for him and his denigrating views on the plaintiff's exposure of public corruption." *Id.* at 7-8. Not only do these statements fail to provide any support for a claim of retaliatory adverse employment actions, but, moreover, these allegations are not set forth in the complaint.

(1982)], any public official knows that retaliating against an employee for reporting public corruption to the GAO or to Congressional Committees or to the police, or to the news media, is unlawful and actionable." Pl.'s Opp. at 4-5.

Plaintiff's argument misunderstands the qualified immunity inquiry. In determining whether a right is "clearly established" for qualified immunity purposes, "courts must not define the relevant constitutional right in overly general terms." *Butera v. District of Columbia*, 235 F.3d 637, 646 (D.C. Cir. 2001). Rather,

> the right the official is alleged to have violated must have been "clearly established" in a more particularized, and hence more relevant, sense: The contours of the right must be sufficiently clear that a reasonable official would understand that what he is doing violates that right. . . . [T]he unlawfulness must be apparent.

*Anderson v. Creighton*, 483 U.S. 635, 640 (1987). So the question here is not whether retaliation against an employee who reports alleged wrongdoing is a clearly established violation of the First Amendment; rather, the question is whether the action plaintiff alleges that Ms. Apostolou took here – "interfer[ing] with plaintiff's communications, or attempted communications, to Senator Durbin," Compl. ¶ 12 – violates a clearly established right. The answer is that it does not. Plaintiff can point to no authority that the routine and necessary legislative staff practice of receiving and determining whether and how to pass on communications to the Senator whom the aide serves violates any clearly established constitutional right of plaintiff. Accordingly, Ms. Aposotolou is protected from plaintiff's suit by qualified immunity.

## CONCLUSION

For the foregoing reasons, and for the reasons set forth in the Memorandum of Points and Authorities in Support of Defendant Apostolou's Motion to Dismiss, the Court should dismiss with prejudice all claims against Defendant Apostolou asserted in Plaintiff's Complaint.

Respectfully submitted,

*/s/ Patricia Mack Bryan/*

Patricia Mack Bryan, Bar #335463
Senate Legal Counsel

Morgan J. Frankel, Bar #342022
Deputy Senate Legal Counsel

Grant R. Vinik, Bar #459848
Assistant Senate Legal Counsel

Thomas E. Caballero
Assistant Senate Legal Counsel

Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, D.C. 20510-7250
Tel: (202) 224-4435

July 14, 2006     Counsel for Defendant Carolyn Apostolou

## CERTIFICATE OF SERVICE

In accordance with LCvR 5.4(d)(2), I hereby certify that on July 14, 2006, a true copy of the foregoing **Reply Memorandum of Points and Authorities in Support of Defendant Apostolou's Motion to Dismiss**, was served by Federal Express overnight delivery, postage prepaid, on the following non-ECF registered party:

    Mr. Timothy P. Toms
    4312 Olley Lane
    Fairfax, VA 22032

    Plaintiff

Other parties with counsel registered with CM/ECF will be served with electronic notice through CM/ECF system.

                                                     _/s/ Thomas E. Caballero_
                                                      Thomas E. Caballero