

Washington, DC 20515

September 2, 2003

Order of the Architect of the Capitol

**Subject:** Architect of the Capitol, Human Resources Manual, Chapter 752, Discipline.

**Purpose:** To forward administrative revision to Discipline policy, 752-1, dated July 15, 1994.

**Decision:** "This document revises the AOC Discipline Policy, 752-1, to establish authority for the Chief Operating Officer. The Chief Operating Officer shall have the authority for all matters requiring the action of the Architect in this policy."

**Effective Date:** September 2, 2003

**Supersedes:** None

**Filing Instructions:** Please file with Chapter 752, Human Resources Manual

*/s/ Alan M. Hantman*
Alan M. Hantman, FAIA
Architect of the Capitol



Washington, DC 20515

September 2, 2003

Order of the Architect of the Capitol

| | |
|---|---|
| **Subject:** | Architect of the Capitol, Human Resources Manual, Chapter 752, Discipline. |
| **Purpose:** | To forward administrative revision to Discipline policy, 752-1, dated July 15, 1994. |
| **Decision:** | "This document revises the AOC Discipline Policy, 752-1, to establish authority for the Chief Operating Officer. The Chief Operating Officer shall have the authority for all matters requiring the action of the Architect in this policy." |
| **Effective Date:** | September 2, 2003 |
| **Supersedes:** | None |
| **Filing Instructions:** | Please file with Chapter 752, Human Resources Manual |

_signature_
Alan M. Hantman, FAIA
Architect of the Capitol



Order-752-1

Washington, DC 20515

July 15, 1994

<u>Order of the Architect of the Capitol</u>

Subject: Revision of Architect of the Capitol Personnel Manual Chapter 752, "Discipline"

Architect of the Capitol Personnel Manual Chapter 752, "Discipline," revised July 15, 1994, contains policy and procedures for administering a uniform disciplinary system. The provisions of this Chapter apply to all employees of the Office of the Architect of the Capitol, and organizations under the administrative jurisdiction of the Office.

This revision of Chapter 752 supersedes the policy and procedures contained in the initial issuance of Chapter 752, which was issued on December 31, 1990.

*[signature]*
George M. White, FAIA
Architect of the Capitol

AoC PERSONNEL MANUAL						752-1
Discipline								07-15-94

## Chapter 752: Discipline

CONTENTS

| | | |
|---|---|---|
| Subchapter | 1. | General Provisions |
| | .1 | Purpose |
| | .2 | Policy |
| | .3 | Administration |
| | .4 | Applicability |
| | .5 | Actions Covered |
| | .6 | Actions Excluded |
| | .7 | Progressive Application of Actions |
| | .8 | Implementation |
| | .9 | Appeal Procedures |
| | .10 | Administrative Decisions |
| | .11 | Non-work Status |
| | .12 | Penalties |
| | .13 | Records |
| | .14 | Consultation |
| | .15 | Settlement Agreements |
| | .16 | Actions Held in Abeyance |
| Appendix A. | | Informal Actions (Oral and Written Warnings) |
| | .1 | Initiation of Action |
| | .2 | Content of Warnings |
| | .3 | Documentation of Oral Warnings |
| Appendix B. | | Formal Actions |
| | .1 | Initiation of Action |
| | .2 | Content of Letters |
| | .3 | Documentation |
| Appendix C. | | Hearings |
| | .1 | Hearing Officers |
| | .2 | Duties of Hearing Officers |
| | .3 | Hearing Administrator |
| | .4 | Hearing Procedures |
| Table 1. | | Typical Penalties for Infractions |

AoC PERSONNEL MANUAL                                             752-2
Discipline                                                       07-15-94

Subchapter 1.  General Provisions

.1  Purpose

The purpose of this Chapter is to establish the policy of the Office of the Architect of the Capitol on discipline in the work force, and to establish uniform, Office-wide procedures to be followed in taking disciplinary action designed to address the behavioral or performance problems of employees.

.2  Policy

It is the policy of the Office of the Architect of the Capitol to:

    .1    Establish and enforce policies, practices, and procedures to accomplish its mission and functions.

    .2    Ensure compliance with established policies, practices, regulations, and procedures by every employee.

    .3    Ensure that management officials and supervisors are scrupulously fair in utilizing disciplinary procedures to assure employee compliance with policies, practices, regulations, and procedures.

    .4    Ensure that all employees are informed of the policies, practices, regulations, and procedures which govern their actions, employment, or specific situations.

    .5    Ensure that disciplinary actions are taken only for such cause as will promote the efficiency of the Office under fair, orderly, and uniform procedures for effecting actions which are warranted on their merits.

    .6    Assure employees that they will be afforded due process in all disciplinary actions proposed or effected against them.

.3  Administration

The Director, Human Resources Management Division (HRMD) is responsible for administering and evaluating the application of the provisions of this Chapter, and recommending revisions thereto. The HRMD shall provide advice, guidance, and assistance to management officials and supervisors in proposing and taking disciplinary action against employees.

AoC PERSONNEL MANUAL                                                                 752-3
Discipline                                                                           07-15-94

.4   Applicability

The provisions of this Chapter apply to all permanent employees of the Architect of the Capitol who are not serving a probationary period, except those employees who are serving on time-limited temporary, or temporary WAE, appointments and those employees who occupy Exempt Personnel positions.

.5   Actions Covered

The disciplinary actions covered by this Chapter are, in ascending order of severity, oral and written warnings; official reprimand; suspension; reduction in grade or pay; and, removal.

.6   Actions Excluded

   .1   Actions covered by different policies and practices.

   .2   Actions separating an employee for reasons not known to the Office at the time of appointment which, if known, would have precluded employment, including providing false information during the employment process.

   .3   Actions separating an employee for abandonment, that is, failing to report to work for 10 consecutive work-days without approved leave, provided reasonable efforts have been made to communicate with the employee.

   .4   Actions taken against an employee under the direction or regulations of another Federal authority.

   .5   Actions taken against an employee who is convicted and incarcerated.

.7   Progressive Application of Actions

Disciplinary actions are normally imposed in a progressively stringent pattern, the sequence in which they are effected normally following the order in which they are listed in 1.5 and shown in Table 1, "Typical Penalties for Infractions" (attached). An exception to the listed sequence may be recommended by the first-line supervisor if the problem(s) is serious and should not be handled through progressive actions.

Examples of serious problems include, but are not limited to, those which endanger or threaten Members of Congress or their staffs and other Office employees; involve the possession, sale, or receipt of a controlled substance; theft; and all cases involving weapons.

AoC PERSONNEL MANUAL  752-4
Discipline  07-15-94

.8  Implementation

The use of all previously established disciplinary action policies and practices is superseded. Actions in progress on the approval date of this revision shall be completed in accordance with the procedures under which they were initiated.

.9  Appeal Procedures

The appeal procedures contained herein are for the use of all employees of the Office to whom this Chapter is applicable.

.10  Administrative Decisions

    .1  The Director, HRMD shall be responsible for providing guidance and resolving problems or questions arising under the procedures and provisions of this Chapter, including the extension of employee-response time when justified.

    .2  An administrative decision establishes a precedent which must be applied consistently in all disciplinary actions processed after its issuance. An administrative decision ceases to establish a precedent after the revision of the edition of this Chapter under which it was issued, because all actions processed thereafter are under the provisions of the revised edition.

    .3  Administrative decisions issued between revisions of this Chapter must be considered during the next revision of the Chapter.

.11  Non-work Status

    .1  Employees charged by the Office for serious problems, such as those which endanger or threaten Members of Congress, their staffs, or other Office employees; involve the possession, sale, or receipt of a controlled substance; theft, and all cases involving weapons, must be immediately placed in a non-work status until their case is resolved.

    .2  Employees under police charges not related to those listed in paragraph 1.11.1 may return to work with the approval of the management official of their organization and the Director, HRMD.

.12  Penalties

There are no mandatory penalties for any problem(s), but Table 1 identifies typical penalties imposed for infractions. Termination of employment must be proposed in cases involving charges related to the serious problem(s) identified in paragraph 1.11.1.

AoC PERSONNEL MANUAL                                                                                          752-5
Discipline                                                                                                             07-15-94

.13     Records

       .1     Case files shall contain the documentation of all problems which occur and the associated corrective action taken. Case files shall be reviewed annually by their custodians and, if no additional incidents or problem(s) have occurred, may be destroyed.

       .2     The first-line supervisor, or official who first documents the occurrence of a problem(s), shall establish a file on the employee. The file must be given to the first-line supervisor by the person establishing it, and the first-line supervisor will retain the file for one year or until an official action is proposed. If an official reprimand, suspension, reduction in grade or pay, or removal is proposed, the file will be placed in the custody of the servicing personnel specialist, who will retain it for three years. Thereafter, the file shall be destroyed unless additional disciplinary action(s) supports its retention.

       .3     The letters proposing, concurring, and effecting suspension(s), reduction in grade or pay, and removal actions are filed permanently in the employee's Official Personnel Folder (OPF) if the employee's appeal is not successful in contravening the proposed action. Official reprimands may be removed from the OPF after one year at the employee's written request. Failure to request the removal of an Official Reprimand will cause it to remain in the OPF.

       .4     Copies of disciplinary action letters are distributed as follows:

              .1     Signed original to the employee.

              .2     Receipt copy to HRMD for filing in the employee's OPF.

.14     Consultation

The opinion of the General Counsel shall be obtained prior to the issuance of suspension or removal letters in all disciplinary actions, except those actions based on absence without approved leave and abandonment.

.15     Settlement Agreements

The concurrence of the Director, HRMD, shall be obtained before settlement agreements with employees are signed. The settlement agreement shall be referred to the Architect, through the Administrative Assistant, if the Director, HRMD, does not concur with the provisions of the agreement.

AoC PERSONNEL MANUAL  752-6
Discipline  07-15-94

.16   Actions Held in Abeyance

Disciplinary actions may be held in abeyance by the Architect, with or without the recommendation of the Hearing Officer, pending the achievement of a particular milestone or the accomplishment of a specific goal. Actions held in abeyance will be effected immediately, without additional appeal, if the terms for holding the action in abeyance are not fulfilled.

AoC PERSONNEL MANUAL  752, A-1
Discipline  07-15-94

Appendix A. Warnings

.1  Initiation of Action

The employee's first-line supervisor, or the official in whose presence the problem(s) or incident(s) occurred, shall issue the oral or written warning as close to the time of the occurrence as possible.

.2  Content of Warnings

    .1  The warning should:

        .1  Identify the specific problem(s) or incident(s).

        .2  State the exact action(s), if any, that should be taken to correct or avoid recurrences of the problem(s) or incident(s), including referral to the EAP.

        .3  Inform the employee, if applicable, that oral warnings are documented and may be used as evidence in a more stringent action if the problem(s) persist or recur.

.3  Documentation of Oral Warnings

    .1  First-line supervisors' documentation of oral warnings and the contents of written warnings shall include:

        .1  The name and organizational location of the employee being warned.

        .2  Identification of the problem(s) or incident(s).

        .3  The date(s) on which the problem(s) or incident(s) occurred.

        .4  The instructions, if any, the employee must follow to correct or avoid recurrences.

        .5  The name of any witness(es) to the problem(s) or incident(s) and to the issuance of the warning. [Note: The presence of a witness to an oral warning is recommended if the first-line supervisor believes a more stringent disciplinary action may be necessary in the future. First-line supervisors who decide to have a witness present when an oral warning is made should exercise discretion in their choice of a person to be a witness. The use of another supervisor as the witness is preferable to the use of a co-worker of the employee.]

AoC PERSONNEL MANUAL                                                                 752, B-1
Discipline                                                                           07-15-94

## Appendix B. Formal Actions

.1 Initiation of Action

    .1    The employee's first-line supervisor normally proposes the disciplinary action against an employee because previously issued warnings have failed to correct the problem(s), or because of the seriousness of the problem(s). The first-line supervisor must secure the approval of the second-line supervisor before contacting the servicing personnel specialist. Management officials or supervisory personnel other than the employee's first or second-line supervisors must secure the Director, HRMD's approval before proceeding further.

    .2    The first-line supervisor shall, after receiving approval to propose the disciplinary action, provide the personnel specialist who services the employee's organization with evidence of the problem(s) or incident(s) and a draft of the charge(s) to be specified in the proposal letter. The charge(s) must be supported by warnings previously issued, continued violations on which previous action(s) was taken, or specific evidence if the action is the first disciplinary action proposed.

    .3    The personnel specialist shall assist the first-line supervisor in the preparation of the letter and secure the approval of the Director, HRMD, or his designee, of the proposal letter before it is signed and delivered to the employee.

    .4    The first-line supervisor must sign and deliver the proposal letter and obtain the recipient's signature on the receipt for the letter. Personnel specialists may be instructed to deliver proposal letters signed by other officials.

    .5    The signature of a witness to the attempted delivery of the proposal letter is required if the employee declines to sign the receipt or accept delivery of the letter. Letters mailed to the employee's residence must be sent by return receipt mail, or equivalent delivery, to ensure the Office receives documentation of delivery. Disciplinary actions may proceed, however, after five workdays if receipt is not obtained.

    .6    The employee's explanation and statements in response to the charge(s), to the second-line supervisor, or official identified in the proposal letter, shall be addressed in that official's letter. The personnel specialist and concurring official must ensure that, to the extent possible, the concurrence letter clearly explains the rationale for concurring with the proposal after consideration of the employee's response, if any. The personnel specialist shall secure the approval of the Director, HRMD, or his designee, of the concurrence letter before it is signed and delivered to the employee.

AoC PERSONNEL MANUAL  752, B-2
Discipline  07-15-94

    .7    The employee may respond in writing to the concurrence letter to issue a formal disciplinary action within five work-days of its receipt. All formal disciplinary actions, except Official Reprimands, shall be automatically referred to a Hearing Officer by the Hearing Administrator after the response period has expired, except as provided in B.1.9. The Hearing Officer will: review the case; conduct a formal Hearing if requested by the employee; and, provide the Architect with a finding(s) and recommendation(s) on which his decision on the appeal can be based.

    .8    Official reprimands will be referred to a Hearing Officer at the written request of the employee within five work-days of receipt of the concurrence letter. Official reprimands will be reviewed, without a formal Hearing, and sent to the Architect with finding(s) and recommendation(s) on which his final decision on the appeal can be based.

    .9    No formal action shall be filed in the employee's OPF until: the Architect issues his decision on the employee's appeal; the time period for filing an appeal has elapsed; or, the employee has agreed in writing to accept the proposed penalty and waives in writing the right to a review or formal Hearing, whichever of these situations occurs first.

.2    Content of Letters

    .1    The proposal letter must:

        .1    State that the first-line supervisor intends to take a formal disciplinary action against the employee.

        .2    Specify the problem(s) for which the action is proposed and, except in removal actions, refer the employee to the EAP.

        .3    Inform the employee of the right to review the material which supports the reason for the proposed action.

        .4    Advise the employee of the right to respond in writing to the reason(s) for which the action is proposed, within five work-days of receipt of the proposal letter, to the second-line supervisor or to a concurring official identified by the Director, HRMD, if the Office official signing the letter is not in the supervisory structure of the employee's organization.

        .5    Assure the employee that a concurrence letter which considers only the reasons specified in the proposal letter and the employee's response thereto shall be issued.

AoC PERSONNEL MANUAL  752, B-3
Discipline  07-15-94

    .6    State that a copy of all letters and Notifications of Official Personnel Actions (SF 50) shall be placed in the employee's OPF as permanent records if the appeal to the Architect is not successful, and may serve as evidence in a subsequent, more stringent action.

.2    The concurrence letter must, as appropriate:

    .1    State that the reviewing official concurs with, modifies, or withdraws the proposed disciplinary action.

    .2    Specify the problem(s) or incident(s) for which the action is issued.

    .3    Inform the employee of the right to review the material which supports the reasons for the action.

    .4    Advise the employee of the right to submit a written appeal, which may include a request for a formal Hearing, within five work-days of receipt of the concurrence letter.

    .5    Assure the employee that the Architect's final decision on the appeal will consider only the reasons specified in the proposal letter; the information submitted in the appeal; and, the Hearing Officer's finding(s) and recommendation(s).

    .6    Inform the employee that a copy of all letters and SF 50s, if applicable, shall be placed in the employee's OPF and may serve as aggravating evidence in a subsequent action, if the appeal is not successful and removal is not effected.

.3    The final decision letter must:

    .1    State that the letter is the Architect's final decision on the case and specify the penalty, if any, which is being imposed.

    .2    Assure the employee that the final decision was based on the reasons specified in the letters proposing and concurring with the action; the employee's response thereto; and, the Hearing Officer's finding(s) and recommendation(s).

    .3    Inform the employee of the disposition of the case records.

.3    Documentation

Documents supporting proposal and concurrence letters must be included in the case file.

AoC PERSONNEL MANUAL  752, C-1
Discipline  07-15-94

## Appendix C.  Hearings

.1 Hearing Officers

    .1 The responsibility for serving as a Hearing Officer shall be shared by all management officials. To the extent feasible, each management official must take a turn as a Hearing Officer before the process is repeated.

    .2 Management officials shall not serve as Hearing Officers on cases involving their own employees or when a conflict of interest or reason which, in the opinion of the Director, HRMD, precludes their service on a disciplinary case.

    .3 The Director, HRMD, with the concurrence of the Administrative Assistant, may secure the services of a qualified person who is not an employee of the Office of the Architect of the Capitol to serve as a Hearing Officer.

.2 Duties of Hearing Officers

The Hearing Officer shall:

    .1 Approve the witness request(s) submitted by the Office Representative and Employee Representative at least three work-days prior to the Hearing.

    .2 Make decisions on procedural questions during a Hearing.

    .3 Ask questions of the Office Representative, the Employee Representative (if one has been designated), witnesses, and the employee during the Hearing.

    .4 Provide a finding(s) and recommendation(s) to the Architect based on the information available to him through his review of the case file and the information presented at the formal Hearing, if one is requested by the employee.

.3 Hearing Administrator

The Director, HRMD shall designate a member of the staff as the Hearing Administrator for actions appealed to the Architect. The Hearing Administrator shall:

    .1 Designate a management official as the Hearing Officer for actions appealed to the Architect, and schedule and conduct a formal Hearing at the employee's request.

    .2 Suspend, or terminate, a Hearing when the circumstances of the case or the Hearing so warrant.

    .3    Transmit the Hearing Officer's finding(s) and recommendation(s) to the Architect for his decision.

.4    Hearing Procedures

    .1    The Hearing Administrator shall:

        .1    Convene the Hearing at the appointed time.

        .2    Introduce the participants; state the purpose of the Hearing; and, review the procedures which are used to conduct the Hearing.

    .2    The Office Representative shall present the Office's case, evidence, and the testimony of witnesses approved by the Hearing Officer to support the charge(s).

    .3    The employee, or the Employee Representative, shall have the opportunity to question any evidence submitted and witnesses appearing at the Office Representative's request.

    .4    The employee, or the Employee Representative, then presents the employee's appeal, including any evidence and the testimony of witnesses approved by the Hearing Officer as relevant to the charge(s).

    .5    The Office Representative shall be given the opportunity to question any evidenced submitted and any witnesses appearing at the employee, or Employee Representative's, request.

    .6    The Office Representative may make a closing statement regarding the Office's case against the employee and the proposed penalty.

    .7    The employee, or Employee Representative, may make a closing statement regarding the employee's response to the Office's charges and the penalty proposed.

    .8    The Hearing Administrator shall summarize the procedures to be followed after the Hearing is adjourned.

    .9    The Hearing Administrator shall adjourn the Hearing.

    .10    The Hearing Officer shall, within ten work-days of the completion of the Hearing unless an extension of time is granted by the Architect, then:

        .1    Determine the relevancy of the testimony and evidence presented.

AoC PERSONNEL MANUAL　　　　　　　　　　　　　　　　　　　　752, C-3
Discipline　　　　　　　　　　　　　　　　　　　　　　　　　　　07-15-94

    .2    Discuss in a written report to the Architect:

        .1    The merits of the charges presented.

        .2    Findings of fact which address the nature and extent of the offense allegedly committed by the appellant.

        .3    Express an opinion on the appropriateness of the adverse action in relation to the charge.

        .4    Make a recommendation on the proposed action.

        .5    Communicate by separate memorandum to the Architect any information developed during the Hearing which concerns personnel administration in the Office.

AoC PERSONNEL MANUAL  752, T-1
Discipline  07-15-94

### Table 1. Typical Penalties For Infractions

| | INFRACTION | 1st Offense | 2nd Offense | 3rd Offense |
|---|---|---|---|---|
| 1. | Absence without authorized leave, or failure to follow instructions regarding the requesting of leave. | Reprimand | Suspension | Removal |
| 2. | Failure to obey the reasonable orders of a supervisor/management official. | Reprimand | Suspension | Removal |
| 3. | Possession of a controlled substance. | Removal | | |
| 4. | Possession of a weapon. | Removal | | |
| 5. | Endangering or threatening Members of Congress, their staffs, or employees of, or under the administrative jurisdiction of, the Office. | Removal | | |
| 6. | Failure to perform assigned duties in a satisfactory manner. | Reprimand | Suspension | Removal |
| 7. | Sleeping on job. | Reprimand | Suspension | Removal |
| 8. | Unauthorized use, removal of Government property, funds, services, supplies, or materials, including use or permitting the improper use of Government charge cards, Accounting Control Transaction (ACT) numbers or other obligating forms or devices, or the property or other employees. [In arriving at the penalty, consideration should be given to the value of the property involved and whether voluntary restitution was made]. | Reprimand to Removal | Removal | |
| 9. | Knowing and willful misstatement or omission of material facts, forms, unlawful concealment, removal, alteration, mutilation, or destruction of any official document, contract files, or records. | Reprimand to Removal | Removal | |
| 10. | Violation of the Standards of Conduct. | Reprimand | Suspension | Removal |
| 11. | Falsification or alteration of a document. | Reprimand to Removal | Removal | |
| 12. | Knowing and willful misappropriation of Government funds or other funds which come into employee's possession by reason of his or her official position. | Removal | | |
| 13. | Knowing and willful misstatement or one or more claims (travel vouchers, imprest fund vouchers, time and attendance records, etc.) [Penalty depends on the value of the property or amount of employee time involved, the nature of the position held by the offending employee, and other factors.] | Reprimand to Removal | Removal | |
| 14. | Knowing and willful use of public office for private gain. | Removal | | |
| 15. | Misconduct whether or not in violation of a criminal statue, which impairs job performance or trustworthiness of the employee or otherwise affects the ability of a part of AoC to perform its mission. | Reprimand to Removal | Removal | |
| 16. | Theft, actual or attempted; unauthorized possession of Government property or property of others. | Removal | | |
| 17. | Failure, through negligence, to account properly for Government funds. | Reprimand | Suspension | Removal |
| 18. | Willful use or authorizing use of Government-owned or leased passenger motor vehicles for unofficial purposes. | Reprimand | Suspension | Removal |

| | INFRACTION | 1st Offense | 2nd Offense | 3rd Offense |
|---|---|---|---|---|
| 19. | Loss of, or damage to, Government property. | | | |
| | a. Through carelessness or negligence, or when property involved is of small value. | Reprimand | Suspension | Removal |
| | b. Through maliciousness or intent, or when property involved is of significant value. | Suspension | Removal | |
| 20. | Using Government property or AoC employees in a duty status for other than official purposes. [Penalty depends on the value of the property or amount of employee time involved, the nature of the position held by the offending employee, and other factors.] | Reprimand | Suspension | Removal |
| 21. | Negligent control of ACT numbers, Government charge cards, and other obligating forms and devices. | Reprimand | Suspension | Removal |
| 22. | Refusal to provide information in connection with an authorized investigation, and to furnish a signed statement when required, except where such refusal is based upon grounds or self-incrimination in potential criminal prosecution, or privileged communications. | Reprimand | Suspension | Removal |
| 23. | Negligent or willful mismanagement of a contract, or failure to administer provisions thereof, whether or not it results in a loss to the Government. | Reprimand | Suspension | Removal |
| 24. | Negligent or willful failure to maintain contract files in complete for contracts in accordance with applicable regulations. | Reprimand | Suspension | Removal |
| 25. | Knowing and willful failure to secure adequate and required competition for contracts in accordance with applicable regulations. | Reprimand | Suspension | Removal |
| 26. | Awarding of more than one contract/purchase order with the intent of avoiding limitations on contacting authority or the requirements of applicable regulations. | Reprimand | Suspension | Removal |
| 27. | Negligent or willful: (1) Acceptance of incomplete services, supplies, or materials; or, (2) Misrepresentation of contract inspections and certification for work not performed or services, supplies, or materials not received. | Reprimand to Removal | Removal | |
| 28. | Negligently or willfully preparing or issuing a contract for quantities which exceed reasonable requirements. | Suspension | Removal | |
| 29. | Negligently preparing an inaccurate Government estimate resulting in the acceptance of a given bid/price proposal from a contractor which thereby causes loss to the Government. | Suspension | Removal | |
| 30. | Soliciting or making a contribution for a gift (as defined by AoC Standards of Conduct) to an official superior, or acceptance of such a gift by an official superior. | Reprimand | Suspension | Removal |
| 31. | Unethical or improper use of official authority or credentials, or unauthorized disclosure or use of official information. | Reprimand | Suspension | Removal |
| 32. | Improper solicitation or acceptance of gifts, loans gratuities favors, etc., from persons, firms, or corporation with whom employees have official relations. | Reprimand | Suspension | Removal |
| 33. | Deliberate misrepresentation, concealment or withholding or a material fact or refusal to testify or cooperate in an official proceeding. | Reprimand to Removal | Removal | |