```
                UNITED STATES DISTRICT COURT
                FOR THE DISTRICT OF COLUMBIA

TIMOTHY TOMS,                     )
                                  )
        Plaintiff,                )
                                  )
    v.                            ) Civil Action No. 05-1981 PLF
                                  )
ALAN HANTMAN, the Architect of    )
  the Capitol ("AOC"), et al.,    )
                                  )
        Defendants.               )
                                  )
```

DEFENDANT RAVEICA'S MOTION TO DISMISS OR,
IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

United States Capitol Police Officer Radu Raveica, hereby moves pursuant to Rules 4(m) and 12(b)(1), (2), (4), (5) and (6) of the Federal Rules of Civil procedure to dismiss this action. In the alternative, Defendant Raveica moves for summary judgment in his favor, pursuant to Fed. R. Civ. P. 56.[1]  The Court is

---

[1] To the extent that the Court may rely on matters outside of the pleadings, the Court may enter summary judgment in favor of the defendants. See Fed. R. Civ. P. 12(b); 56. Plaintiff should take notice that any factual assertions contained in the documents in support of this motion may be accepted by the Court as true unless Plaintiff submits his own affidavit or other documentary evidence contradicting the assertions in the documents. See Neal v. Kelly, 963 F.2d 453, 456-57 (D.C. Cir. 1992), Local Rule 7(h); 56.1 and Fed. R. Civ. P. 56(e), which provides as follows:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein.  Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.  The court may permit affidavits to be supplemented or opposed by depositions, answers to interrogatories, or further affidavits.  When a motion for summary judgment

respectfully referred to the accompanying memorandum of points and authorities in support of this motion as well as the July 31, 2006 memorandum of points and authorities in support of the AOC Defendants' Motion To Dismiss And To Strike Or, In The Alternative, For Summary Judgment (including statement of material facts), and the September 25, 2006 Reply To Plaintiff's Response To AOC Defendants' Motion To Dismiss And To Strike Or, In The Alternative, For Summary Judgment.

                        Respectfully submitted,

                        _____
                        JEFFREY A. TAYLOR, DC Bar #498610
                        United States Attorney

                        _____
                        RUDOLPH CONTRERAS, DC Bar #434122
                        Assistant United States Attorney

                        _____
                        W. MARK NEBEKER, DC Bar #396739
                        Assistant United States Attorney

---

    is made and supported as provided in this rule, an adverse party may not rest upon the mere allegations or denials of the adverse party's pleading, but the adverse party's response, by affidavits or as otherwise provided in this rule, must set forth specific facts showing that there is a genuine issue for trial.  If the adverse party does not so respond, summary judgment, if appropriate, shall be entered against the adverse party.

Fed. R. Civ. P. 56(e).

```
                   UNITED STATES DISTRICT COURT
                   FOR THE DISTRICT OF COLUMBIA

TIMOTHY TOMS,                   )
                                )
          Plaintiff,            )
                                )
     v.                         )   Civil Action No. 05-1981 PLF
                                )
ALAN HANTMAN, et al.,           )
                                )
          Defendants.           )
_____)
```

### MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF DEFENDANT RAVEICA'S MOTION TO DISMISS OR, IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT

In the interest of brevity, Defendant Raveica shall not repeat the arguments already briefed in the July 31, 2006 memorandum of points and authorities in support of the AOC Defendants' Motion To Dismiss And To Strike Or, In The Alternative, For Summary Judgment, and the September 25, 2006 Reply To Plaintiff's Response To AOC Defendants' Motion To Dismiss And To Strike Or, In The Alternative, For Summary Judgment; rather, Defendant Raveica, hereby incorporates by reference the arguments and facts presented with those filings. In addition, however, Defendant Raveica raises as an additional basis for dismissal, a claim that service of a proper summons and complaint has not been effected in a timely manner, depriving the Court of personal jurisdiction over this defendant.

This Court is without personal jurisdiction over Defendant Raveica in the absence of proper service. It is well-established that, in an action against a federal employee in an individual

capacity, the individually-sued defendant must be served with process in accordance with rules applicable to individual defendants. See Fed. R. Civ. P. 4(i)(2)(B); Simpkins v. District of Columbia Government, 108 F.3d 366, 369 (D.C. Cir. 1997); Lawrence v. Acree, 79 F.R.D. 669, 670 (D.D.C. 1978); Navy, Marshall & Gordon v. U.S. International Development-Corporation Agency, 557 F.Supp. 484, 489 (D.D.C. 1983); Delgado v. Bureau of Prisons, 727 F.Supp. 24 (D.D.C. 1989).  Rule 4 generally requires that a copy of the summons and complaint be delivered to the defendant (or his appointed agent) personally, or be left "at his dwelling house or usual place of abode with some person of suitable age and discretion" who resides there.  Fed. R. Civ. P. 4(e)(2).  Service on the Attorney General of the United States and the United States Attorney for the district in which the action is brought, pursuant to the rules applicable to official capacity suits, "does not obviate the requirement of personal service . . . where the action is in substance against a federal official in his individual capacity."  Lawrence, 79 F.R.D. at 670; Delgado, 727 F.Supp. at 27.  Indeed, under Rule 4(i)(2)(B), service on the United States is required in addition to service on an individual Federal defendant.  Fed. R. Civ. P. 4(i)(2)(B).

Where, as here, a plaintiff seeks relief against Federal defendants in an individual capacity, the Court must acquire personal jurisdiction in order to enter a binding judgment,

Reuber v. United States, 750 F.2d 1039, 1049 (D.C. Cir. 1984); Griffith v. Nixon, 518 F.2d 1195 (2d Cir.), cert. denied, 423 U.S. 995 (1975), and the general rule is that a plaintiff has the burden of establishing personal jurisdiction. Reuber, supra at 1052. Because the record in this action does not establish proper personal service upon Defendant Raveica, any claim against him is subject to dismissal.

This action was commenced on October 6, 2005, alleging, inter alia, that Defendant Raveica arrested Plaintiff on or about October 8, 2004. See Complaint at 1, 13. As previously noted, Plaintiff delayed in filing this action until after the prosecution records were placed under seal. And he has further delayed service on Officer Raveica without any significant basis.[1]

---

[1] Under some circumstances, additional opportunities may be available to a plaintiff to effect proper service on a defendant in a civil action. See Fed. R. Civ. P. 4(i)(3); Moore v. Agency for International Development, 994 F.2d 874 (D.C. Cir. 1993). However, in light of the fact that Plaintiff here has had the assistance, albeit behind-the-scenes, of counsel, see Defendant's September 11, 2006 Motion For An Enlargement Of Time, And Memorandum In Support Thereof at 1; Docket No. 13 at 2; Exhibit A (June 24, 2006 E-Mail from Plaintiff), and given the several other reasons calling for dismissal of Plaintiff's claims, no purpose would be served by the calling for additional efforts to effect proper service in this action. See Simpkins v. District of Columbia Government, 108 F.3d at 370 (dismissing baseless Bivens claims on the merits notwithstanding lack of proper service).

The record shows only that on July 6, 2006, a copy of the summons and complaint was mailed to Radu Raveica at a U.S. Capitol address, and that it was signed for by someone named Mrs. Wesson; and that on July 12, 2006, copies of those documents were mailed to (but not necessarily received by) Radu Raveica at 2706 Kirkland, District Heights, MD.  Docket No. 13 ("Affidavit Of Service") at 2.  This does not constitute proper service. Plaintiff's apparent efforts to effect service by mailing copies of the summons and complaint to the address of their former employer is ineffectual.  Assuming that this effort were made under Fed. R. Civ. P. 4(e)(1) and SCR-Civ. 4(c)(3),[2] service on the non-party individual who signed the return receipt card filed by Plaintiff does not satisfy the requirements of Rule 4.  See Leichtman v. Koons, 527 A.2d 745, 747 and n.5 (D.C. 1987) (Office employee with authority to receive business mail does not, by virtue of his or her position, have authority to receive process, and actual knowledge of the existence of a lawsuit is no substitute for personal service); Fed. R. Civ. P. 4(l). Plaintiff has submitted a notice describing the person who

---

[2]  Fed. R. Civ. P. 4(e)(1) allows service under state court rules.  SCR-Civ. 4(c)(3) allows for service by mail.  But, such service is allowed only where there is record evidence that the person to receive the summons and complaint is the defendant or someone authorized to accept service (not just mail) for him. SCR-Civ. 4(k); D.C. Code § 13-431(b) (requiring proof of mail service to include a receipt signed by the addressee or other evidence of personal delivery to the addressee); MacMeekin v. de Krassel, 123 WLR 2137, 2141-43 (Super. Ct. Oct. 31, 1995).

acknowledged receipt of the summons and complaint (Mrs. Wesson) as someone's "agent".  <u>See</u> Docket No. 13 at 2.  Plaintiff, offers no basis of knowledge for assessing whether Mrs. Wesson has been authorized to accept service of <u>process</u> on behalf of any individual defendant, as opposed to business mail.  <u>See</u> Docket No. 3.  Plaintiff has therefore not satisfied the requirements of service and consequently has not proven that the Court has personal jurisdiction in the matter.  Fed. R. Civ. P. 4; <u>Leichtman</u>, <u>supra</u>; SCR-Civ. 4(l).  Because the record in this action does not establish proper personal service upon Defendant Raveica, all claims against him are subject to dismissal.[3]

Plaintiff has had more than ample time to effect service on Officer Raveica, he has not shown "good cause for failing to effect service within the 120 days allowed by Rule 4(m), or within the time established by the Court's March 27, 2006 Order (extending the time to serve defendants to April 28, 2006), or the Court's June 29, 2006 Order (extending the time to serve defendant Raveica to July 31, 2006); and any additional time would go beyond the "appropriate period" permitted by Rule 4(m),

---

[3] In light of the several other reasons calling for dismissal of Plaintiff's claims, no purpose would be served by the calling for additional efforts to effect proper service in this action.  <u>See</u> <u>Simpkins</u> v. <u>District of Columbia Government</u>, 108 F.3d at 370 (dismissing baseless claims under <u>Bivens</u> v. <u>Six Unknown Named Agents of the Federal Bureau of Narcotics</u>, 403 U.S. 388 (1971), on the merits notwithstanding lack of proper service); <u>Weakes</u> v. <u>FBI-MPD Safe Streets Task Force</u>, Civil Action No. 05-0595 ESH, 2006 WL 212141, *1 fn.3 (D.D.C. Jan. 27, 2006).

under the circumstances.  Those circumstances are recounted below.

Under the applicable Rule, Plaintiff was to effect service within 120 days of the filing of the Complaint, i.e. by February 3, 2006.[4]  By Order dated March 27, 2006, however, the Court advised Plaintiff how service was to be effected and of the time limits of Rule 4(m); but the Court concluded as follows:

> on or before April 28, 2006, plaintiff shall either file proof of such service to be filed with the Court, or file a status report with the Court advising why service has not been made.  If proof of service is not filed by that date and plaintiff does not show good cause for his failure to effect service, the Court may dismiss the case under Rule 4(m) of the Federal Rules of Civil Procedure.

Docket No. 3 at 3.  Plaintiff did not file any such proof of service or status report by April 28, 2006.  Rather, on May 2, 2006, Plaintiff filed "Plaintiff's Motion To Appoint Federal Marshals To Serve Complaint On Defendant Radu Raveica."  (Docket No. 4).[5]  Plaintiff stated in the motion that he hired a process server to effect service on Defendants Hantman, McIntye, Poole, Suarez, Kashurba and Coleman, but omits any mention that such efforts had been made to serve Officer Raveica.  Docket No. 4 at

---

[4] As noted, the Complaint was filed on October 6, 2005, over a year ago.  See Docket No. 1.

[5] The undated motion was apparently not served on the parties, and has no certificate of service.  Docket No. 4. Moreover, although exhibits are referenced in the May 2, 2006 motion, none were filed.  Id.

-6-

1-2. Rather, Plaintiff complained in the motion that the United States Capitol Police refused to allow the Complaint to be left with them or otherwise to take on the responsibility to effect service for Plaintiff.  Id. at 2.  But, Plaintiff suggests that by April 2006, he had secured Defendant Raveica's home address. See id., ¶¶ 4, 6, 9 (noting that Plaintiff had already attempted, and would again attempt, service by mail).  Recognizing that Plaintiff had not attempted personal service on Defendant Raveica at his home, the Court on June 29, 2006, denied Plaintiff's May 2, 2006 motion but ordered as follows:

> on or before July 31, 2006, plaintiff shall cause process to be served on defendant Reveica, and shall file proof of service with the Court.  If plaintiff does not effect service within that date, the Court may dismiss the complaint as to Officer Reveica under Rule 4(m) of the Federal Rules of Civil Procedure.

Document No. 8 at 1-2.

Plaintiff did not personally serve Defendant Raveica by July 31, 2006, but instead, on July 26, 2006, filed yet another motion seeking to pass on the responsibility for service to the United States Marshals Service.  Docket No. 12.  In this motion, Plaintiff complained that "plaintiff had attempted efforts to procure Mr. Raveica's home address" and that he was able to locate the address only after "great expense" and "after weeks of work."  See id. at 1-2.  Plaintiff never indicated when he secured the address and never stated whether he had asked anyone to serve Officer Raveica at home.  Id.  In fact, Defendant

Raveica asks the Court to take judicial notice that when one uses a common internet search engine, www.yahoo.com, and types in "Radu Raveica", the second entry contains the address for Officer Raveica that is reflected on Plaintiff's exhibits.[6] See Exhibit B (excerpts from internet pages) at 5; Docket No. 12.

In any event, Plaintiff clearly had in his possession a home address for Officer Raveica, by July 10, 2006, see Attachments to Docket No. 12, yet Plaintiff does not even state in his Renewed Motion that he ever attempted to effect service by hand-delivery of a summons and complaint to the address.  See Docket No. 12.

---

[6] The Court may take judicial notice of such information under Fed. R. Evid. 201.  See EEOC v. St. Francis Xavier Parochial Sch., 117 F.3d 621, 624 (D.C. Cir. 1997) (Federal courts regularly take judicial notice of government documents and documents from other reliable sources available on the Internet); see also Grimes v. Navigant Consulting, Inc., 185 F. Supp. 2d 906, 913 (N.D. Ill.), vacated and remanded on other grounds, 536 U.S. 920 (2002) (taking judicial notice of historical stock prices from Yahoo!Finance) (citing Austin v. American Ass'n of Neurological Surgeons, 253 F.3d 967, 971 (7th Cir. 2001)); Cali v. East Coast Aviation Servs., Ltd., 178 F. Supp. 2d 276, 287 (E.D.N.Y. 2001) (taking judicial notice of Web-based corporate documents and documents from Pennsylvania state agencies and FAA); McLaughlin v. Volkswagen of Am., Inc., No. 00-3295, 2000 U.S. Dist. LEXIS 17505 at *10 n.3 (E.D. Pa. Dec. 6, 2000) (taking judicial notice of NHTSA website description of automobile recall); Cairns v. Franklin Mint Co., 107 F. Supp. 2d 1212, 1216 (C.D. Cal. 2000) (taking judicial notice of content on Warhol Museum's Web pages), aff'd, 292 F.3d 1139 (9th Cir. 2002); In re AgriBiotech Secs. Lit., No. CV-S-990144, 2000 U.S. Dist. LEXIS 5643 (D. Nev. Mar. 6, 2000) (taking judicial notice of public SEC filings from SEC Website); Modesto Irrigation Dist. v. Pacific Gas & Elec. Co., 61 F. Supp. 2d 1058, 1066 (N.D. Cal. 1999) (taking judicial notice of FERC documents available on Internet); Myers Investigative & Sec. Servs., 47 Fed. Cl. 288, 297 (Fed. Cl. 2000) (taking judicial notice of documents from Social Security Administration Website).

Rather, Plaintiff says that he intends to "continue efforts to serve Mr. Raveica at home personally." Docket No. 12 at 2.  Yet, when the time once again came for Plaintiff to "cause process to be served on defendant Reveica," and file proof of such service, Plaintiff filed only evidence that he had attempted service by mail, in a manner not authorized by Superior Court rules, this Court's rules, or in the manner identified by the Court in its June 29, 2006 Order ("either in person or by registered or certified mail, return receipt requested,"). Instead, Plaintiff offered only proof of certified mail sent to a work (not home) address, and some other method of mailing that did not result in a return receipt.[7]

Thus, what is clear is that Plaintiff, even with the assistance of counsel, has not viewed the claims against Officer Raveica as worth the time or expense of making proper service even when he knows the home address of the defendant and is afforded several opportunities and a total of nearly ten months

---

[7] According to the United States Postal Service website:

> Return Receipt - Provides a green postcard with the recipient's actual signature by mail or a proof of delivery letter arriving as a PDF attachment that includes an image of the recipient's signature by e-mail.

http://www.usps.com/send/waystosendmail/extraservices/registeredmailservice.htm.  Plaintiff did not produce a return receipt, but an unsigned paper that does not specify who, if anybody, received the delivery.  Nor is it clear when the delivery was made.  See Docket No. 13 at 2.

to do so.[8]  As reflected in support of the AOC Defendants' Motion To Dismiss And To Strike Or, In The Alternative, For Summary Judgment, Plaintiff is correct; the claims against Officer Raveica are without merit.  And Plaintiff has had more than enough time to effect proper service, but has failed. Accordingly, the Complaint should be dismissed.

                          Respectfully submitted,

                          _____
                          JEFFREY A. TAYLOR, DC Bar #498610
                          United States Attorney

                          _____
                          RUDOLPH CONTRERAS, DC Bar #434122
                          Assistant United States Attorney

                          _____
                          W. MARK NEBEKER, DC Bar #396739
                          Assistant United States Attorney

---

[8]  Plaintiff's only excuse for not making personal service on Officer Raveica after receiving the address is a cryptic claim that "[w]ith the present climate in our country and because Mr. Raveica is technically a federal police officer plaintiff approaches the issue of serving him at home through a process server with great trepidation."  Docket No. 12 at 2.  If Plaintiff is attempting to argue that he was unwilling to send a process server to defendant's house to effect service, because he feared that Officer Raveica would harm the process server, Plaintiff's claim is not worthy of credence.  Plaintiff felt no compunction in sending a postal employee, and gives no basis to believe that this Federal law enforcement officer would cause physical harm to anyone.  See id.; Complaint, ¶¶ 22-23, 28 (alleging only that Defendant Raveica charged Plaintiff with assault, based in part on the information of others, and in so doing handcuffed him to a wall).

<u>CERTIFICATE OF SERVICE</u>

I HEREBY CERTIFY that service of the foregoing Defendant Raveica's Motion To Dismiss And To Strike Or, In The Alternative, For Summary Judgment, supporting memorandum and a proposed Order has been made by mailing copies thereof to:

TIMOTHY P. TOMS
4312 Olley Lane
Fairfax, VA  22032

and through the Court's electronic transmission facilities to:

THOMAS E. CABALLERO, ESQ.
Assistant Senate Legal Counsel
Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, DC  20510-7250

on this 1st day of November, 2006.

```
                                    _____
                                    W. MARK NEBEKER
                                    Assistant United States Attorney
                                    555 4th Street, N.W.
                                    Civil Division
                                    Washington, DC  20530
                                    (202) 514-7230
```