

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY TOMS,<br>      Plaintiff | CIVIL ACTION AT LAW<br>Case No. 05-1981 PLF |
| v. | |
| ALAN HANTMAN, ART MCINTYRE, AMITA POOLE, CARRIE APOSTOLOU, HECTOR SUAREZ, RICHARD KASHURBA, RADU RAVEICA, and SERENA COLEMAN,<br>      Defendants | RECEIVED<br>DEC 4 - 2006<br>NANCY MAYER WHITTINGTON, CLERK<br>U.S. DISTRICT COURT |

**PLAINTIFF'S BRIEF IN OPPOSITION TO DEFENDANT RAVEICA'S MOTION TO DISMISS OR IN THE ALTERNATIVE FOR SUMMARY JUDGMENT**

**I.   FACTUAL AND PROCEDURAL HISTORY**

The plaintiff is employed by the United States federal government as a senior auditor in the Inspector General's Office. Complaint ¶1, 11. Plaintiff became aware of a number of illegal activities that were taking place within the government, including the unlawful obfuscation of his investigation, which would reveal illegal activities by federal officials and entities. Complaint ¶11. Additionally, the defendants Poole and Hantman altered his auditor work to mislead the Congress and other responsible entities. Complaint ¶11. Plaintiff attempted, as a private citizen who has an interest in the efficient and ethical administration of his government, to

report this wrongdoing among other activity that was shocking to him that was taking place within the government operations to Senator Richard Durbin and other officials. *Id.*

Plaintiff made the defendants Poole, Apostolou, Hantman, McIntye and Suarez aware of public corruption he uncovered and attempted to make a report of his findings to Senator Durbin. Complaint ¶¶ 9, 10. As a result of the Plaintiff speaking out against the unlawful and corrupt practices, Plaintiff was harassed by the Defendants, including being sent to work in a barely accessible trailer with non-potable water. Complaint ¶10. On October 8, 2004, the Plaintiff was accosted in his trailer by the defendant Serena Coleman, because he wanted to keep a water cooler that he had originally requested for use in the trailer. Complaint ¶20. Knowing that she had the support of her superiors who were openly hostile to the Plaintiff, Coleman physically assaulted the Plaintiff and reported him to the defendant Ravieco who is employed by the United States Capitol Police. Complaint ¶21. The defendant Ravieco charged the Plaintiff with assault, although there was not probable cause to so charge the plaintiff. Complaint ¶ 23. The defendant Ravieco handcuffed the plaintiff and chained him to a wall in the Capitol Police office against his will during the process of charging him. Complaint ¶28. The U.S. Attorney's Office for the District of Columbia

declared that they would not prosecute the case because it lacked prosecutorial merit. Complaint ¶ 24.

On October 6, 2006, plaintiff brought this complaint pro se' alleging violations of rights that are guaranteed to him by the First, Fourth and Fifth Amendments to the United States Constitution. Plaintiff attempted to make service by Federal Express on the defendants on reliance upon advice by the Clerk of Courts Office. On February 16, 2006, Plaintiff filed an Affidavit of Service indicating that service had been accomplished on the Defendant by Federal Express. On March 27, 2006, this Court denied that service by Federal Express was proper service and ordered the Plaintiff to file proof of service or a status report with the Court advising why service had not been made. Plaintiff then attempted to make personal service upon defendant Raveica by hand-delivery twice (See, Exhibit A, Affidavit of Sheri Coover). Personal service was not accomplished either time since the process servers could not get past security to make service upon the defendant. On May 2, 2006, Plaintiff filed a Motion to Appoint Federal Marshals to Serve Complaint on defendant Radu Raveica due to the problems that plaintiff was having in effecting service. (See, Docket #4). On June 29, 2006, this court denied plaintiff's request to appoint a federal marshal to serve process on defendant Raveica. In July of 2006, Plaintiff attempted to have defendant

Raveica personally served by a Constable who could not achieve service because she was threatened with arrest if she did not leave the premises. On July 26, 2006, Plaintiff filed a Renewed Motion for Assistance to Effect Service. On July 28, 2006, Plaintiff filed the Return of Service and Affidavit of Service with Delivery Confirmation Receipt that reflected that Raveica personally signed for receipt of the Complaint and Summons. (Docket #13). On August 4, 2006, this Court entered a Minute Order denying as Moot Plaintiff's Renewed Motion for Assistance to Effect Service on Defendant Radu Raveica.[1]

On November 1, 2006, Defendant Raveica filed a Motion to Dismiss, or in the Alternative, for Summary Judgment. This brief is in opposition to the defendant Raveica's Motion to Dismiss.

## II.   ISSUES

Whether the plaintiff has effected service upon defendant Raveica?

**SUGGESTED ANSWER -- YES.**

---

[1] Judge Friedman signed the Minute Order denying the Plaintiff's motion as moot and noted that Plaintiff filed an affidavit of service with respect to Defendant Radu Raveica on July 28, 2006. The immediate Motion to Dismiss is frivolous and a waste of the Court's time. Furthermore, Attorney Nebeker has been involved in this case since at least June of 2006 and obviously knew that the Plaintiff was attempting to effect service upon Raveica due to the numerous filings by the Plaintiff. Attorney Nebeker could have accepted service on behalf of defendant Raveica, but declined to do so, even though he ultimately ended up representing defendant Raveica.

## III. STANDARD OF REVIEW

The purpose of a motion to dismiss is to test the sufficiency of a complaint, not to resolve disputed facts or decide the merits of the case. See, *Kost v. Kozakiewicz*, 1 F.3d 176, 183 (3d Cir.1993). In deciding a motion to dismiss, the factual allegations of the complaint must be accepted as true. See, *Graves v. Lowery*, 117 F.3d 723, 726 (3d Cir.1997); *Nami v. Fauver*, 82 F.3d 63, 65 (3d Cir.1996). The court should look to "whether sufficient facts are pleaded to determine that the complaint is not frivolous and to provide defendants with adequate notice to frame an answer." *Colburn v. Upper Darby Tp.*, 838 F.2d 663, 666 (3d Cir.1988). A court should dismiss a complaint "only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." See, *Graves*, 117 F.3d at 726; *Nami*, 82 F.3d at 65 (both citing *Conley v. Gibson*, 2 L.Ed.2d 80, 84 (U.S. 1957). Thus in order to prevail, a moving party must show "beyond doubt that the plaintiff can prove no set of facts in support of his claim [that] would entitle him to relief." *Conley* at 84.

## IV. ARGUMENT

Federal Rules of Civil Procedure Rule 4(m) provides that service of a complaint and summons shall be made within one-hundred and twenty (120) days of the complaint being filed. If service is not accomplished in

5

the time allotted, a District Court can dismiss the action without prejudice or provide a time period for service to be effected. The rule also provides that if a plaintiff shows good cause for the failure to effect service, the District Court shall extend the time period for service. See, *Petrucelli v. Bohringer and Ratzinger*, GMBH, 46 F.3d 1298, 1305 (3d Cir.1995). In deciding whether the Court will exercise its discretion to dismiss the case or extent the time for service, the party seeking an enlargement has to demonstrate a good faith attempt to show the reasonable basis for non-compliance within the time specified in the rules." *MCI Telecommunications Corp. v. Teleconcepts, Inc.*, 71 F.3d 1086, 1097 (3d Cir.1995).

Plaintiff attempted to make service by Federal Express on the defendants on reliance upon advice by the Clerk of Courts Office. On February 16, 2006, Plaintiff filed an Affidavit of Service indicating that service had been accomplished on the Defendant by Federal Express. On March 27, 2006, this Court denied that service by Federal Express was proper service and ordered the Plaintiff to file proof of service or a status report with the Court advising why service had not been made. Plaintiff then attempted to make personal service upon defendant Raveica by hand-delivery. (See, Exhibit A, Affidavit of Sheri Coover). Personal service was

not accomplished since the process servers could not get past security to make service upon the defendant.  On May 2, 2006, Plaintiff filed a Motion to Appoint Federal Marshals to Serve Complaint on defendant Radu Raveica due to the problems that plaintiff was having in effecting service.  (See, Docket #4).  On June 29, 2006, this court denied plaintiff's request to appoint a federal marshal to serve process on defendant Raveica.  In July of 2006, Plaintiff attempted to have defendant Raveica personally served by a Constable who could not achieve service because she was threatened with arrest if she did not leave the premises.  On July 26, 2006, Plaintiff filed a Renewed Motion for Assistance to Effect Service.  On July 28, 2006, Plaintiff filed the Return of Service and Affidavit of Service with Delivery Confirmation Receipt that reflected that Raveica personally signed for receipt of the Complaint and Summons. (Docket #13).  On August 4, 2006, this Court entered a Minute Order denying as Moot Plaintiff's Renewed Motion for Assistance to Effect Service on Defendant Radu Raveica.

Defendant Raveica is claiming that he has not been properly served under the Federal Rules of Civil Procedure.  The Rules provide that:

> Service of process on an agency or corporation of the United States, or an officer of employee of the United States sued only in an official capacity, is effected by serving the United States in the manner prescribed by Rule 4(I) (1) and by also sending a

7

>copy of the summons and complaint by registered
>or certified mail to the officer, employee, agency
>or corporation.

*Federal Rules of Civil Procedure Rule 4(i)(2)(A).* Rule 4(i)(1) states that service can be effected upon the United States in the following manner:

>(A)   By delivering a copy of the summons and of the complaint to the United States attorney for the district in which the action is brought or to an assistant United States attorney or clerical employee designated by the United States attorney in a writing filed with the clerk of the court or by sending a copy of the summons and of the complaint by registered or certified mail addressed to the civil process clerk at the office of the United States attorney and
>
>(B)   by also sending a copy of the summons and of the complaint by registered or certified mail to the Attorney General of the United States at Washington, District of Columbia.

*Federal Rules of Civil Procedure Rule 4(i)(1).*

Defendant was served by U.S. Postal Service Delivery Confirmation Receipt at 9:55 a.m. July 12, 2006 at his home address (See, Docket #13). Defendant was also served at his place of business by Certified Return Receipt dated July 17, 2006 (See, Docket #13). This Plaintiff made good faith attempts at effecting service upon Defendant Raveica before service could be accomplished. It was clear that Defendant Raveica was avoiding

8

service. Therefore, Plaintiff respectfully requests that this Court deny the Defendant Raveica's Motion to Dismiss.

## V. CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that this Court deny Defendant Raveica's Motion to Dismiss.

Respectfully submitted,

*[signature]*

Tim Toms
4312 Olley Lane
Fairfax, VA  22032

Date: December 1, 2006

## CERTIFICATE OF SERVICE

I, Don Bailey, Esquire hereby certifies that on this 1st day of December, 2006, I caused to be served by United States mail first class the foregoing *BRIEF IN OPPOSITION TO DEFENDANT RAVEICA'S MOTION TO DISMISS* addressed as follows:

Thomas E. Caballero, Esquire
Assistant Senate Legal Counsel
Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, DC 20510-7250

W. Mark Nebeker
Assistant U.S. Attorney
Civil Division
555 4th Street, N.W.
Washington, DC 20530

By: *[signature]*
Tim Toms
4312 Olley Lane
Fairfax, VA 22032

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| TIMOTHY TOMS,<br>       Plaintiff<br><br>    v.<br><br>ALAN HANTMAN, ART MCINTYRE, AMITA POOLE, CARRIE APOSTOLOU, HECTOR SUAREZ, RICHARD KASHURBA, RADU RAVEICA, and SERENA COLEMAN,<br>       Defendants | CIVIL ACTION AT LAW<br>Case No. 05-1981 PLF |

## AFFIDAVIT OF SHERI COOVER, ESQUIRE

1. I am at attorney authorized to practice law in the State of Pennsylvania. I do not represent Timothy Toms in any capacity and am not involved in his current lawsuit in any fashion.

2. I attempted to make service upon Defendant Raveica by hand-delivering a copy of the Complaint and Summons to the United States Capitol Police Office.

3. I went to the first floor reception area and requested to gain access to the United States Capitol Police Office so that I could make service upon the Defendants.

4. I was denied access by security at the reception area. However, they did provide me with a telephone number for the Legal Counsel for the United States Government.

"A"

5. I immediately telephoned the phone number that I was provided and spoke to a female attorney in that office. She advised me that their office policy was that they would not inhibit a process server in making service, but their office would not assist in making service in any way either.

6. Since I was not permitted beyond the reception area, I was unable to make service upon the Defendant. I felt pressured by the numerous security individuals in the area to leave, which I did without making service.

The information contained in this Affidavit is true and correct to the best of my information, knowledge and belief. I understand that any false statements contained herein are made subject to penalty of perjury.

Sheri D. Coover, Esquire
4311 N. Sixth Street
Harrisburg, PA 17110

Date:
12-1-2006