```
                    UNITED STATES DISTRICT COURT
                    FOR THE DISTRICT OF COLUMBIA

TIMOTHY TOMS,                      )
                                   )
          Plaintiff,               )
                                   )
     v.                            )  Civil Action No. 05-1981 PLF
                                   )
ALAN HANTMAN, the Architect of     )
   the Capitol ("AOC"), et al.,    )
                                   )
          Defendants.              )
                                   )
```

REPLY TO PLAINTIFF'S BRIEF IN OPPOSITION TO
DEFENDANT RAVEICA'S MOTION TO DISMISS OR,
<u>IN THE ALTERNATIVE, FOR SUMMARY JUDGMENT</u>

As with the remaining defendants, Defendant Raveica has moved to dismiss this action and alternatively for summary judgment in his favor. Plaintiff has again offered no basis upon which to allow the matter to proceed. Plaintiff now claims that he "attempted as a private citizen . . . to report . . . wrongdoing to Senator Richard Durbin and other officials." Plaintiff's Opp. at 1-2. This is an apparent effort to avoid the Supreme Court's holding in <u>Garcetti</u> v. <u>Ceballos</u>, ___ U.S. ___, 126 S.Ct. 1951, 1959-61 (2006) (when public employees make statements pursuant to their official duties, they are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline). What is clear from the Complaint, however, is that Plaintiff has alleged he was proceeding because of his official duties. <u>See</u> Complaint at 4, ¶ 7 ("The plaintiff has a First Amendment right not to suffer retaliation for collecting

information, concerning a lawful investigation <u>in conformance with his duties and subsequently reporting evidence</u> of official misconduct and unlawful activities <u>to his superiors</u>. . ."; <u>see also id.</u> at 6-7, ¶ 10 ("The defendant Hantman (the Architect of the Capitol) by and with IG [Inspector General] Art McIntye and Hector Suarez, violated plaintiff's First Amendment rights by acting unlawfully to transfer the plaintiff from his position. . . . Motivated by their desire to cover-up unlawful activities these defendants sought to obstruct and discredit plaintiff's auditing duties. . . . [Defendants acted] <u>simply because plaintiff insisted on performing his job</u> in accordance with the professional standards with which qualified federal auditors such as plaintiff are required to comply.")  (emphasis added).  They acted to constantly badger and harass the plaintiff <u>because he did his job honestly and properly</u>, and they also acted to deter him through intimidation, from seeking investigations of unlawful matters he uncovered <u>in the performance of his duties</u>.") (emphasis added); <u>see also</u> Complaint at 1-2 ("Mr. Toms was retaliated against for the lawful exercise of his First Amendment rights to speak out <u>as a public employee</u>. . .").

Thus, because Plaintiff was a public employee making statements pursuant to his official duties, he was not speaking as a citizen for First Amendment purposes.  Moreover, because even Plaintiff has been unclear on whether his actions were based

on the duties of his federal employment, one cannot fault any of the defendants if they were unclear on the issue.  And, unless the Constitutional duty was "clearly established," the defendants are entitled to immunity.  See Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982);  see also Wilson v. Layne, 526 U.S. 603, 609 (1999); Anderson v. Creighton, 483 U.S. 635, 639 (1987).

Plaintiff attempts to excuse his failure timely to effect service in this case.  Several inconsistencies and facts cause one to doubt the assertions made by Plaintiff in his opposition.  Plaintiff points out that he "brought this complaint pro se. . .", Plaintiff's Opp. at 3, but then presents an affidavit from yet another attorney who was assisting him in effecting service.  See Affidavit of Sheri Coover, Esquire, ¶¶ 1-2.[1]  The affidavit offers no dates or even time frame during which Attorney Coover attempted to serve Officer Raveica.  Nor does it support the assertion made by Plaintiff that Ms. Coover attempted to serve the officer twice.  See id.; Plaintiff's Opp. at 3.  Plaintiff does argue that "[i]n July of 2006, Plaintiff attempted to have defendant Raveica personally served by a Constable. . ." Plaintiff's Opp. at 7.  He does not provide a citation to the

---

[1] Plaintiff has not disputed that he has assisted by Mr. Donald A. Bailey, Esq. in the matter.  See, e.g. Docket # 13 at 2; Defendants' July 20, 2006 Motion For An Enlargement Of Time, And Memorandum In Support Thereof at 1 ("Plaintiff has indicated that permission for an enlargement of time may be addressed by Donald A. Bailey, Esq., an attorney from Harrisburg, PA.")

record to support the claim, however, and admits that the Constable "could not achieve service. . ."  Id.  Next, Plaintiff argues that he has filed a return of service that "reflected that Raveica personally signed for receipt of the Complaint and Summons."  Plaintiff's Opp. at 7.  In fact, the docket entry to which Plaintiff directs the Court (Docket # 13) does not show that Mr. Raveica personally signed for any document.  Instead, one document is signed by a Mrs. Wesson and the other bears a mis-spelling of Officer Raveica's name in a portion of the Delivery Confirmation Receipt that is "to be completed by mailer".  Neither satisfies the requirements of the Federal Rules or of the Superior Court Rules.

Plaintiff has made no attempt to further explain one of his prior assertions, although Defendant Raveica has noted the vagueness of the earlier claim.  See Defendant Raveica's Memorandum In Support Of Motion To Dismiss Or, In The Alternative, For Summary Judgment ("Defendant Raveica's Mem.") at 9-10 fn.8 ("Plaintiff's only excuse for not making personal service on Officer Raveica after receiving the address is a cryptic claim that '[w]ith the present climate in our country and because Mr. Raveica is technically a federal police officer plaintiff approaches the issue of serving him at home through a process server with great trepidation.' Docket No. 12 at 2.").

The Court may infer from this that Plaintiff was simply reaching for any excuse for his tardiness, where there was none.

Under Fed. R. Civ. P. 4(m), Plaintiff was to effect service within 120 days of the filing of the Complaint, i.e. by February 3, 2006.  See Dixon v. Johnson, No. 03-5116, 2003 WL 22225587, *1 (D.C. Cir. Sep. 24, 2003) ("The district court's dismissal of appellant's complaint and denial of the motion for reconsideration were proper because appellant failed to file proof of service upon the defendants despite having been given an opportunity to do so by the district court") (citing Fed. R. Civ. P. 4(m) and Smith-Bey v. Cripe, 852 F.2d 592, 593 (D.C. Cir. 1988)).  After two extensions by the Court (one of which came on a motion filed after the time to make and document service, but without a showing of excusable neglect), see Smith v. District of Columbia, 430 F.3d 450, 456-457 and n.5 (D.C. Cir. 2005), Plaintiff did not file any such proof of service or status report by April 28, 2006, as ordered by this Court.  Rather, on May 2, 2006, Plaintiff filed a motion seeking to foist the responsibility onto the Federal Marshals.[2]  Plaintiff does not

---

[2] Elsewhere, Plaintiff suggests that it was the responsibility of undersigned counsel to accept service on behalf of Officer Raveica.  See Plaintiff's Opp. at 4, fn.1 ("attorney Nebeker could have accepted service on behalf of defendant Raveica, but declined to do so, even though he ultimately ended up representing defendant Raveica.").  Plaintiff, in addition to having assistance from two attorneys, was repeatedly instructed by this Court that it was Plaintiff's responsibility to effect service and to notify the Court it was done.  See Docket No. 3 at

dispute Defendant's assessment that by April 2006, Plaintiff had secured Defendant Raveica's home address.  <u>See</u> Defendant Raveica's Mem. at 6.  Neither does Plaintiff challenge the fact that Officer Raveica's address was easily found using a common search engine and the internet, or that Plaintiff had access to the internet.  <u>Id</u>. at 6-7 and Exhibits A and B.  Additionally, Plaintiff has still failed to explain why he did not effect or attempt personal service on Officer Raveica as he implied he would.  <u>See</u> Docket No. 12 at 2 (wherein Plaintiff says that he intends to "continue efforts to serve Mr. Raveica at home personally.")

In short, Plaintiff, even with the assistance of counsel and informed by two Orders of this Court, has not viewed the claims against Officer Raveica to be worth the time or expense of making proper and timely service even when he knew the home address of the defendant and was afforded several opportunities and a total of nearly ten months to do so.  This conclusion is correct; the case is without merit.

For these reasons and those previously set forth by all of the defendants in this action, Plaintiff's Complaint should be dismissed or, alternatively, summary judgment should be entered

---

3 (March 27, 2006 Order); Document No. 8 at 1-2 (May 2, 2006 Order).

against Plaintiff, and in favor of Defendant Raveica, as well as the other defendants.

                         Respectfully submitted,

                         _____
                         JEFFREY A. TAYLOR, DC Bar #498610
                         United States Attorney

                         _____
                         RUDOLPH CONTRERAS, DC Bar #434122
                         Assistant United States Attorney

                         _____
                         W. MARK NEBEKER, DC Bar #396739
                         Assistant United States Attorney

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that service of the foregoing Reply To Plaintiff's Brief In Opposition To Defendant Raveica's Motion To Dismiss Or, In The Alternative, For Summary Judgment has been made by mailing copies thereof to:

TIMOTHY P. TOMS
4312 Olley Lane
Fairfax, VA  22032

and through the Court's electronic transmission facilities to:

THOMAS E. CABALLERO, ESQ.
Assistant Senate Legal Counsel
Office of Senate Legal Counsel
642 Hart Senate Office Building
Washington, DC  20510-7250

on this 15th day of December, 2006.

_____
W. MARK NEBEKER
Assistant United States Attorney
555 4th Street, N.W.
Civil Division
Washington, DC  20530
(202) 514-7230