UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                    )
TIMOTHY P. TOMS,                    )
                                    )
       Plaintiff,                   )
                                    )
       v.                           )    Civil Action No. 05-1981 (PLF)
                                    )
ALAN HANTMAN, *et al.,*             )
                                    )
       Defendants.                  )
_____ )

MEMORANDUM OPINION

       The matter before the Court is the motion of defendant Carrie Apostolou to dismiss the complaint under the Speech or Debate Clause of the United States Constitution for failure to state a First Amendment claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure. She also raises the affirmative defense of qualified immunity. Plaintiff Timothy P. Toms brought suit against Apostolou and seven other federal government employees, asserting that they violated his rights under the First, Fourth and Fifth Amendments to the United States Constitution.[1] Specifically, Toms alleges that Apostolou, Clerk to the Subcommittee on the Legislative Branch of the Committee on Appropriations of the United States Senate, conspired with others to take retaliatory action against him and hinder his communication with Senator Richard Durbin, then Chairman of the Senate Appropriations Committee. See Complaint ("Compl.") ¶ 12. Upon consideration of the parties' arguments, the Court grants the motion to dismiss of defendant Carrie Apostolou.

---

[1] The other defendants named are Alan Hantman, Art McIntyre, Amita Poole, Hector Suarez, Richard Kashurba, Radu Raveica and Serena Coleman.

I.  BACKGROUND

Toms is a senior auditor for the federal government who, during the course of his employment, became aware of what he perceived as unlawful conduct in the Office of the Architect of the Capitol.  See Compl. ¶¶ 1, 9.  Toms does not specify what this unlawful conduct was, but alleges that when he reported the conduct to Apostolou, Clerk to the Subcommittee on the Legislative Branch of the Committee on Appropriations of the United States Senate, and the Capitol police, he was subjected to harassment and retaliatory action by seven of the co-defendants, including Apostolou.  See id. ¶¶ 1, 9-13, 16-18, 25, 28.[2]  The retaliatory action that Toms alleges includes being assigned to "temporary detail" for approximately five or six months and then terminated from his position.  See id. ¶¶ 16, 18, 25.

Specifically with respect to Apostolou, Toms alleges that she and co-defendant Amita Poole, Chief of Staff for the Architect of the Capitol, "decided to have him retaliated against, setting in motion a number of anti-personnel actions carried out" by two of the other co-defendants.  Compl. ¶¶ 9, 11.  Toms further alleges that Apostolou and Poole intimidated and injured him, as well as attacked his credibility, to stop him from voicing his concerns about corruption in the Architect's office.  See id. ¶ 12.  Toms' most specific complaint against Apostolou is that she interfered with his attempts to communicate his concerns about public corruption to Senator Richard Durbin, then Chairman of the Senate Appropriations Committee. See id.

---

[2]  Six of the defendants have jointly filed a separate motion to dismiss.  The eighth co-defendant, Raveica, is a Capitol Police officer against whom Toms alleges Fourth Amendment violations.  See Compl. ¶ 28.  He also has filed a separate motion to dismiss.

Toms alleges that Apostolou and the other co-defendants violated his First, Fourth and Fifth Amendment rights under the United States Constitution; he bases his suit on 28 U.S.C. § 1343(a) and 42 U.S.C. § 1983.  See Compl. ¶¶ 1, 2.  While Congress has not expressly provided for a cause of action for these alleged constitutional violations, Toms asserts he is entitled to bring suit and recover money damages under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).  See id. ¶ 1.  Apostolou moves to dismiss Toms' claims against her based on the Speech or Debate Clause of the United States Constitution and Rule 12(b)(6) of the Federal Rules of Civil Procedure.  She also relies on the affirmative defense of qualified immunity.  See Memorandum of Points and Authorities In Support of Defendant Apostolou's Motion to Dismiss ("Def. Mot.") at 2-3.

## II.  DISCUSSION

### A.  Speech or Debate Clause

The Court considers Apostolou's Speech or Debate Clause arguments first.  See Davis v. Passman, 442 U.S. 228, 236 n.11 (1979) ("Defenses based upon the Clause should thus ordinarily be given priority, since federal legislators should be exempted from litigation if their conduct is in fact protected by the Clause.").  The Clause provides that "for any Speech or Debate in either House, they [members of Congress] shall not be questioned in any other Place."  U.S. Const. art. I, § 6, cl. 1.  "The Speech or Debate Clause was designed to assure a co-equal branch of government wide freedom of speech, debate, and deliberation without intimidation or threats from the Executive Branch . . . that directly impinge upon or threaten the legislative process."  Gravel v. United States, 408 U.S. 606, 616 (1972).  It serves to "reinforc[e] the separation of

3

powers designed by the Founders." In re Search of the Rayburn House Office Building Room Number 2113, 432 F. Supp. 2d 100, 109 (D.D.C. 2006). When it applies, the Speech or Debate Clause shields Members of Congress not only from liability, but, more broadly, from "the burden of defending themselves." Dombrowski v. Eastland, 387 U.S. 82, 85 (1967). When it applies, it is "an absolute privilege." In re Search of the Rayburn House Office Building Room Number 2113, 432 F. Supp. 2d at 109.

> As the D.C. Circuit recently explained, the Clause
>
> protects acts that are an integral part of the deliberative and communicative processes by which Members participate in committee and House proceedings with respect to the consideration and passage or rejection of proposed legislation or with respect to other matters which the Constitution places within the jurisdiction of either House. And the Clause provides further protection in precluding inquiry into the motivation for acts that occur in the regular course of the legislative process. In defining these categories of protected conduct, the Court has been careful not to extend the privilege beyond its intended scope, its literal language, and its history, to include all things in any way related to the legislative process.

Fields v. Office of Eddie Bernice Johnson, 459 F.3d 1, 9-10 (D.C. Cir. 2006) (*en banc*) (internal quotations and citations omitted) (citing United States v. Brewster, 408 U.S. 501, 512 (1972); Gravel v. United States, 408 U.S. 606; United States v. Helstocki, 442 U.S. 477, 487-88 (1979); and United States v. Johnson, 383 U.S. 180 (1966)) (footnotes omitted).[3] "The question to be resolved is whether the actions of the petitioners fall within the sphere of legitimate legislative activity. If they do, the petitioners shall not be questioned in any other Place about those

---

[3] The D.C. Circuit's second most recent opinion regarding the Speech or Debate Clause was in Boehner v. McDermott, 441 F.3d 1010 (D.C. Cir. 2006). That judgment was vacated and the case was reheard *en banc* on January 25, 2007. The opinion has not been issued.

activities since the prohibitions of the Speech or Debate Clause are absolute." In re Search of the Rayburn House Office Building Room Number 2113, 432 F. Supp. 2d at 109 (citing Eastland v. United States Servicemen's Fund, 421 U.S. 491, 501 (1975)).

The defendant argues that the Speech or Debate Clause of the United States Constitution ("the Clause") shields her from litigating the instant action. The Court disagrees. While the Clause's protection can extend to the staff members of a Senator or Representative, the staff member's actions are protected only if they are "essential to legislating" and acting as the legislator's "alter ego." Eastland v. United States Servicemen's Fund, 421 U.S. at 507-08 ("Congressmen and their aides are immune from liability for their actions within the legislative sphere."). The actions of staff members, such as Apostolou, seeking the Clause's protection while acting as the legislator's alter ego, must meet at least the same standard as required for legislators themselves. Therefore, unless Apostolou's actions were sufficiently linked to legislative activity, the Speech or Debate Clause does not shield her from litigation or (potentially) liability.

Apostolou's alleged actions in this case – screening or interfering with plaintiff's communications to Senator Durbin and taking retaliatory action against plaintiff – neither fall within the "sphere of legitimate legislative activity" nor concern the "passage or rejection of proposed legislation" or a matter otherwise within the Senate's jurisdiction. Gravel v. United States, 408 U.S. at 626; see also Eastland v. United States Servicemen's Fund, 421 U.S. at 503. As the D.C. Circuit has explained, the Clause shields acts such as "authorizing an investigation, holding hearings, preparing a report, and authorizing the publication and distribution of that report," but not "activities routinely engaged in by lawmakers, such as constituent services,

5

communications with government agencies, assistance in securing government contracts, and speeches delivered outside of Congress." United States v. Rose, 28 F.3d 181, 188 (D.C. Cir. 1994) (citing Hutchinson v. Proxmire, 443 U.S. 111, 133 (1979); Doe v. McMillan, 412 U.S. 306, 313 (1973); United States v. Brewster, 408 U.S. at 512; and Gravel v. United States, 408 U.S. at 624-25)).  The Court concludes that receiving unsolicited oral communications from a constituent on behalf of Senator Durbin is a purely administrative, rather than legislative, act and thus does not fall within the protection of the Speech or Debate Clause.

> B.  Plaintiff Has Failed to State a Claim Against Apostolou
> under Rule 12(b)(6) of the Federal Rules of Civil Procedure

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must assume the truth of the facts alleged in the complaint and may grant the motion only if it appears beyond doubt that the complainant will be unable to prove any set of facts that would justify relief.  See Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint is construed liberally in plaintiff's favor, and the Court must accept the factual allegations in the complaint as true and grant plaintiff the benefit of all reasonable inferences that can be derived from the facts alleged.  See Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997);  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); accord Andrx Pharms. v. Biovail Corp. Int'l, 256 F.3d 799, 805 (D.C. Cir. 2001).  Nonetheless, the Court need not accept factual inferences suggested by the plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept the complainant's legal conclusions.  See Western Associates, Ltd. v. Market Square Associates, 235 F.3d 629, 634 (D.C. Cir. 2001); National Treasury Employees Union v. United

States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communications Corp., 16 F.3d at 1276.

Toms is seeking damages under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971), for alleged violations of his First, Fourth and Fifth Amendment rights under the United States Constitution. See Compl. ¶ 1, 2. Toms has failed to state a claim against Apostolou for those legal claims, as well as any other legal claim that could arise from a liberal construction of the complaint. As a preliminary matter, the Court notes that Toms' Fourth and Fifth Amendment claims in fact are directed at the other co-defendants and do not even refer to Apostolou. See Compl. ¶¶ 1, 17, 18, 22, 23, 25, 26, 28.

*1. First Amendment Claim*

Toms has asserted a claim against Apostolou for violating his First Amendment rights. See Compl. ¶ 1. For the reasons set forth in the Memorandum Opinion issued in this case today with respect to the motion to dismiss of the Architect of the Capitol defendants, the Court concludes that Toms has failed to state a claim for First Amendment violations.

*2. Other Potential Claims*

With Toms' First Amendment claim disposed of, the Court, as it must, liberally construes the complaint for any other cognizable legal claims against Apostolou. See Kowal v. MCI Communications Corp., 16 F.3d at 1276. The Court can find none. In all, the complaint mentions Apostolou twice. See Compl. ¶¶ 9, 12. Plaintiff's only concrete allegation regarding Apostolou is that "upon information and belief, Ms. Apostolou even interfered with plaintiff's communications, or attempted communications, to Senator Durbin, in her efforts to suppress the

plaintiff's efforts to speak out on matters of public corruption." Id.    ¶ 12.  As Clerk to the Subcommittee on the Legislative Branch of the Senate Committee on Appropriations, of which Senator Durbin was Chairman, it was Apostolou's job to screen communications to Senator Durbin.  Plaintiff does not state how Apostolou interfered with his attempted communications to Senator Durbin or whether she did so in any extraordinary manner.  Alleging such facts does not give rise to a cognizable legal claim.

Because the Court holds that plaintiff fails to state a claim upon which relief can be granted, it is unnecessary to address the defendant's claim to qualified immunity.[4]  Accordingly, the motion to dismiss filed by defendant Carrie Apostolou shall be granted.

An Order consistent with this Memorandum Opinion shall issue this same day.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE:  February 15, 2007

---

[4] The Court notes that Toms would also fail to satisfy the first prong of a qualified immunity analysis – he is unable to sufficiently allege the deprivation of a clearly established constitutional right.  See Siegert v. Gilley, 500 U.S. 226, 232 (1991); Butera v. District of Columbia, 235 F.3d 637, 646 (D.C. Cir. 2001).