UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

_____
                                                        )
TIMOTHY P. TOMS,                          )
                                                        )
        Plaintiff,                               )
                                                        )
        v.                                             )      Civil Action No. 05-1981  (PLF)
                                                        )
ALAN HANTMAN, *et al.*,                  )
                                                        )
        Defendants.                           )
_____)

MEMORANDUM OPINION

        The matter before the Court is the motion of defendants Alan Hantman, Art McIntyre, Amita Poole, Hector Suarez, Richard Kashurba and Serena Coleman (the "AOC defendants") to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment under Rule 56(e) of the Federal Rules of Civil Procedure.[1]  Defendants also move to strike a portion of the complaint on the grounds that the complaint contains immaterial, impertinent and/or scandalous allegations under Rule 12(f) of the Federal Rules of Civil Procedure.[2]  Plaintiff Timothy P. Toms brought suit

---

      [1]     These defendants refer to themselves as the AOC defendants.  "AOC" is an abbreviation for Architect of the Capitol.

      [2]     The papers filed in connection with this motion include Defendants' Memorandum of Points and Authorities in Support of Motion to Dismiss or, in the alternative, for Summary Judgment ("Mot."); Plaintiff's Response to Defendants' Memorandum of Points and Authorities in Support of their Motion to Dismiss ("Opp."); and Defendants' Reply to Plaintiff's Response to AOC Defendants' Motion to Dismiss and to Strike or, in the alternative, for Summary Judgment ("Reply").

against eight federal government employees, asserting that they violated his rights under the First, Fourth and Fifth Amendments to the United States Constitution.[3] Upon consideration of the parties' arguments, the Court grants the motion to dismiss of the AOC defendants for failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure with respect to plaintiff's First Amendment claims. The Court conludes that these defendants are immune from suit under the doctrine of qualified immunity with respect to plaintiff's Fifth Amendment claims.

## I.  BACKGROUND

Plaintiff Timothy Toms is a senior auditor for the federal government who, during the course of his employment, became aware of what he perceived as unlawful conduct in the Architect of the Capitol's Office of Inspector General. See Complaint ("Compl.") ¶¶ 1, 9. Toms does not specify what this unlawful conduct was, but alleges that when he reported the conduct to defendant Apostolou, Clerk to the Subcommittee of the Legislative Branch of the Committee on Appropriations of the United States Senate, and the Capitol Police, he was subjected to harassment and retaliatory action by seven of the co-defendants, including Alan Hantman, Art McIntyre, Amita Poole, Hector Suarez, Richard Kashurba and Serena Coleman, all of whom work for the Architect of the Capitol. See id. ¶¶ 1, 9-13, 16-18, 25, 28.[4]

The alleged retaliatory actions include being assigned to "temporary detail" for approximately five or six months and then being terminated from his position. See Compl.

---

[3]  The two defendants not addressed in this motion to dismiss are Carrie Apostlou and Radu Raveica. Apostolou and Raveica have each filed a separate motion to dismiss.

[4]  The eighth co-defendant, Raveica, is a Capitol police officer against whom Toms' alleges only Fourth Amendment violations. See Compl. ¶ 28. Raveica is the only defendant against whom plaintiff alleges Fourth Amendment violations. See id.

¶¶ 16, 18, 25.  Toms alleges that defendant Poole, Chief of Staff of the Architect of the Capitol, threatened to retaliate against plaintiff for his "insolent behavior," id. ¶ 11, and took part "in carrying out the improper goals and purposes of . . . Architect of the US Capitol Alan Hantman, [and] violated plaintiff's First Amendment rights by . . . acting in staff roles to carry out a persistent effort to discredit, ridicule, and otherwise unlawfully cooperate with the other defendants above . . . to discourage, intimidate, and deter" plaintiff from reporting suspected unlawful activity.  Id. ¶ 9; see also id. ¶ 11 (harassment by Poole and others in the front office "took the form of threats, dire changes in work conditions, demeaning reassignments and concerted efforts to embarrass the plaintiff in the eyes and [*sic*] his colleagues.").

Toms alleges that defendants Alan Hantman, Art McIntyre and Hector Suarez "violated plaintiff's First Amendment rights by acting unlawfully to transfer the plaintiff from his position, including a reassignment of duties so that he could not do his job properly."  Compl. ¶ 10.  According to the plaintiff, these three defendants subsequently "badger[ed] and harass[ed]" plaintiff and "retaliated with egregious anti-personnel actions against the plaintiff," including locking him out of his office, moving him from his office to a trailer and falsely charging him with a crime and refusing him access to data he needed to do his job.  Id. ¶¶ 10, 17.  Toms accuses the AOC defendants of altering his work product.  See id. ¶ 11.

In addition, Toms alleges that defendant Richard Kashurba, Director of Information Resources Management for the Architect of the Capitol during the relevant time period, "dissect[ed]" Mr. Toms' computer at the direction of defendant McIntyre.  Compl. ¶ 18. Toms also makes a statement regarding his suspicions of pornography on defendant Kashurba's computer, which defendants move to strike under Rule 12(f) of the Federal Rules of Civil

3

Procedure as an immaterial, impertinent and/or scandalous allegation. See id. ¶ 18; Mot. at 1.[5]

With respect to defendant Serena Coleman, Toms alleges that "[o]n October 8, 2004 [he] was accosted in his trailer" by Coleman. Compl. ¶ 20. It appears that Coleman entered Toms' trailer to collect an office water cooler. See id. Toms alleges that Coleman "physically assaulted" him and then reported him to the police. See id. ¶ 21. Toms subsequently was arrested for assaulting Coleman by defendant Raveica, a Capitol Police officer, although the charge was dropped and his record was expunged. See id. ¶¶ 23, 24. Plaintiff's employment was terminated after an administrative hearing and processes, which plaintiff alleges were so insufficient as to violate his Fifth Amendment right to procedural due process. See id. ¶¶ 25-27.

Toms alleges that the defendants violated his First and Fifth Amendment rights under the United States Constitution; he bases his suit on 28 U.S.C. § 1343(a) and 42 U.S.C. § 1983. See Compl. ¶¶ 1, 2. While Congress has not expressly provided for a cause of action for these alleged constitutional violations, Toms asserts that he is entitled to bring suit and recover money damages under Bivens v. Six Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971). See Compl. ¶ 1. The AOC defendants move to dismiss the complaint under Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment under Rule 56(e) of the Federal Rules of Civil Procedure.

---

[5] Defendants' motion to strike was not mentioned by plaintiff in his opposition papers and therefore is granted as unopposed. See Local Civil Rule 7(b).

II.  DISCUSSION

*A.  Legal Standards*

On a motion to dismiss for failure to state a claim under Rule 12(b)(6), the Court must assume the truth of the facts alleged in the complaint and may grant the motion only if it appears beyond doubt that the complainant will be unable to prove any set of facts that would justify relief.  See Summit Health, Ltd. v. Pinhas, 500 U.S. 322, 325 (1991); Browning v. Clinton, 292 F.3d 235, 242 (D.C. Cir. 2002).  The complaint is construed liberally in plaintiff's favor, and the Court must accept the factual allegations in the complaint as true and grant plaintiff the benefit of all reasonable inferences that can be derived from the facts alleged.  See Harris v. Ladner, 127 F.3d 1121, 1123 (D.C. Cir. 1997);  Kowal v. MCI Communications Corp., 16 F.3d 1271, 1276 (D.C. Cir. 1994); accord Andrx Pharms. v. Biovail Corp. Int'l, 256 F.3d 799, 805 (D.C. Cir. 2001).  Nonetheless, the Court need not accept factual inferences suggested by the plaintiff if those inferences are not supported by facts alleged in the complaint, nor must the Court accept the complainant's legal conclusions.  See Western Associates, Ltd. v. Market Square Associates, 235 F.3d 629, 634 (D.C. Cir. 2001); National Treasury Employees Union v. United States, 101 F.3d 1423, 1430 (D.C. Cir. 1996); Kowal v. MCI Communications Corp., 16 F.3d at 1276.

*B.  Plaintiff Has Failed to State a Claim Against the AOC Defendants
for First Amendment Violations*

The Court agrees with defendants that Toms' First Amendment retaliation claim is precluded by Garcetti v. Ceballos, __ U.S. __, 126 S. Ct. 1951 (2006), which held that "when

public employees make statements pursuant to their official duties, the employees are not speaking as citizens for First Amendment purposes, and the Constitution does not insulate their communications from employer discipline." Id. at 1960. The complaint itself clearly indicates that Toms was speaking as a public employee and not as a private citizen. See Compl. ¶ 1 (alleging that plaintiff was retaliated against "for the lawful exercise of his First Amendment rights to speak out as a public employee"); id. ¶ 7 (stating that the plaintiff collected information "in conformance with his duties and subsequently report[ed] evidence of official misconduct and unlawful activities to his superiors"); id. ¶ 10 (alleging plaintiff was retaliated against "simply because [he] insisted on performing his job in accordance with professional standards with which qualified auditors such as plaintiff are required to comply").

While disagreeing with the Garcetti decision, plaintiff appears to agree that, at the very least, it complicates his First Amendment claim, stating:

> After Garcetti, government employees who become informed or aware [of] corrupt practices taking place in their workplace are now faced with the choice to keep their mouths shut about the corruption or to speak out against the corrupt practices, but know that they will ultimately suffer some sort of harassment and retaliation because that activity is protected under Garcetti and masked as employee discipline.

See Opp. at 12; see also id. ("Garcetti is an unfortunate decision that is a step backwards for civil rights and the rights of all citizens in the United States."). Even if Toms was demoted or terminated because of statements made pursuant to his official duties, the Supreme Court has decided that the First Amendment does not shield him from any employer discipline. See Garcetti v. Ceballos, __ U.S. __, 126 S. Ct. at 1959-60 ("[W]hile the First Amendment invests public employees with certain rights, it does not empower them to 'constitutionalize the

6

employee grievance.'"). That plaintiff disagrees with the Supreme Court's decision does not affect its application to this case.

### C. Defendants Are Entitled To Qualified Immunity for any Fifth Amendment Violations

Qualified immunity shields state and local officials from personal liability for the exercise of their discretionary functions "insofar as their conduct does not violate clearly established statutory or constitutional rights of which a reasonable person would have known." Butera v. District of Columbia, 235 F.3d 637, 645-46 (D.C. Cir. 2001) (quoting Harlow v. Fitzgerald, 457 U.S. 800, 818 (1982)); see also Saucier v. Katz, 533 U.S. 194, 201 (2001); Arrington v. United States, 473 F.3d 329, 338-39 (D.C. Cir. 2006); Estate of Phillips v. District of Columbia, 455 F.3d 397, 402 (D.C. Cir. 2006). Analyzing a claim of qualified immunity requires a two-step analysis. First, the Court must determine "'whether the plaintiff has alleged the deprivation of an actual constitutional right at all.'" Butera v. District of Columbia, 235 F.3d at 646 (quoting Wilson v. Layne, 526 U.S. 603, 609 (1999)). If the plaintiff has alleged such a deprivation, the Court must then inquire whether the right allegedly violated was "clearly established" – that is, whether "'the contours of the right [were] sufficiently clear that a reasonable officer would understand that what he [was] doing violated that right.'" Butera v. District of Columbia, 235 F.3d at 646 (quoting Anderson v. Creighton, 483 U.S. 635, 640 (1987)) (modifications in original).

Toms' Fifth Amendment claims fail on the first prong of the qualified immunity analysis, as he is unable to allege the deprivation of a clearly established constitutional right. See Siegert v. Gilley, 500 U.S. 226, 232 (1991); Butera v. District of Columbia, 235 F.3d at 646.

Toms originally alleged both procedural and substantive due process violations.  See Compl. ¶¶ 18, 26.  In his opposition, however, he addresses only procedural due process.  See Opp. at 5-7.  His substantive due process claims therefore have been abandoned.  See Local Civil Rule 7(b).[6]

For an administrative process to be constitutionally adequate, it must include notice and "some form of hearing."  See Logan v. Zimmerman Brush Co., 455 U.S. 422, 434 (1982); see also Vanover v. Hantman, 77 F. Supp. 2d 91, 104 (D.D.C. 1999).  Even assuming that plaintiff had a property interest in his employment with the Architect of the Capitol, a constitutionally adequate process would have required notice, an explanation of the grounds for termination and a hearing allowing plaintiff to challenge the grounds of his termination before being terminated.  See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. 532, 542-43 (1985); see also Ashton v. Civiletti, 613 F.2d 923, 928 (D.C. Cir. 1980); Vanover v. Hantman, 77 F. Supp. 2d at 104.  Plaintiff admits that he was afforded an administrative hearing.  See Compl. ¶¶ 26-27.  Plaintiff also admits that he had knowledge, and therefore notice, of the charges against him.  See Compl. ¶ 25 ("[T]he defendants . . . charg[ed] him through their administrative powers and then

---

[6]  Even if Toms had not abandoned his substantive due process claim, the Court would have dismissed it.  The actions alleged by Toms, even viewed in the light most favorable to him, could not have risen to the level necessary to support a substantive due process claim. See Compl. ¶ 18 (stating that the "dissection" of plaintiff's computer and reassignment to a "temporary detail" "support the plaintiff's allegations of substantive due process violations").  In order to sufficiently allege a substantive due process violation, the plaintiff must allege conduct that is "so egregious, so outrageous, that it may fairly be said to shock the contemporary conscience."  Butera v. District of Columbia, 235 F.3d at 651 (quoting County of Sacramento v. Lewis, 523 U.S. 833, 847 n.8 (1998)).  "This stringent requirement exists to differentiate substantive due process, which is intended only to protect against arbitrary government action, from local tort law."  Id.  "[T]he substantive component of the Due Process Clause is violated by executive action only when it can properly be characterized as arbitrary, or conscience shocking, in a constitutional sense."  County of Sacramento v. Lewis, 523 U.S. at 847 (internal citations and quotations omitted).  Toms' allegations do not meet this high standard.

proceeded to dismiss him from his job . . . ."). In any event, plaintiff does not argue that he lacked notice or a hearing in which he could contest any charges against him.[7] Instead, plaintiff claims that he was not afforded due process because "[t]here is no appeal from the process, and the hearing officer . . . produced a report which plaintiff has never seen." Id. ¶ 26. Neither an appeals process nor a final report available to the employee are required for constitutionally adequate procedural due process – plaintiff was entitled to, and received, notice and an opportunity to be heard. See Cleveland Bd. of Educ. v. Loudermill, 470 U.S. at 546 ("The tenured public employee is entitled to oral or written notice of the charges against him, an explanation of the employer's evidence, and an opportunity to present his side of the story."). Plaintiff was afforded procedural due process in this matter. Each of the AOC defendants, therefore, are entitled to qualified immunity with respect to Tom's Fifth Amendment procedural due process claims, as he has not stated a claim for a violation of a clearly established constitutional right.

       Because the Court concludes that plaintiff fails to state a claim upon which relief can be granted and that the AOC defendants are entitled to qualified immunity, it is unnecessary to address the AOC defendants' statute of limitations and doctrine of laches arguments.

---

[7] While not stated in the complaint, defendants state (and plaintiff does not dispute) that plaintiff was assisted by counsel of his choice and was given the opportunity to testify and present documents and witnesses. See Mot. at 17 (citing regulations).

Accordingly, the motion to dismiss filed by the AOC defendants is granted. An Order consistent with this Memorandum Opinion shall issue this same day.

SO ORDERED.

\_\_\_\_/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: February 15, 2007