UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

|   |   |   |
|---|---|---|
| TIMOTHY P. TOMS, | ) | |
| Plaintiff, | ) | |
| v. | ) | Civil Action No. 05-1981 (PLF) |
| ALAN HANTMAN, *et al.*, | ) | |
| Defendants. | ) | |

MEMORANDUM OPINION

This matter is before the Court on the motion of defendant Radu Raveica to dismiss the complaint under Rules 4(m) and 12(b)(1), (2), (4), (5) and (6) of the Federal Rules of Civil Procedure, or, in the alternative, for summary judgment under Rule 56(e).[1] Plaintiff Timothy P. Toms brought suit against eight federal government employees, asserting that they violated his rights under the First, Fourth and Fifth Amendments to the United States Constitution. Upon careful consideration, the Court grants Raveica's motion to dismiss for insufficient service of process under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

I. BACKGROUND

Plaintiff Timothy Toms was a senior auditor for the federal government who, during the course of his employment, became aware of what he perceived as unlawful conduct in

---

[1] The briefs submitted in connection with this motion are: Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Mot."); Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the alternative, for Summary Judgment ("Opp."); and Defendant's Reply to Plaintiff's Opposition to Defendant's Motion to Dismiss or, in the Alternative, for Summary Judgment ("Reply").

the Architect of the Capitol's Office of Inspector General.  See Complaint ("Compl.") ¶¶ 1, 9.

Toms does not specify what this unlawful conduct was, but alleges that after he reported the

conduct to defendant Apostolou, Clerk to the Subcommittee of the Legislative Branch of the

Committee on Appropriations of the United States Senate, and the Capitol Police, he was

subjected to harassment and retaliatory action by seven of the named defendants in this case, all

of whom work for the Architect of the Capitol.  See id. ¶¶ 1, 9-13, 16-18, 25, 28.  The other

seven defendants filed two separate motions to dismiss which were granted by the Court on

February 15, 2007.  As a result, Raveica is the only defendant remaining in the case.  Plaintiff

describes several events in his complaint that he asserts were retaliatory behavior by the other

seven defendants.  In this Memorandum Opinion, the Court will only summarize the allegations

that are relevant to Toms' claim against defendant Raveica.

    Toms alleges that "[o]n October 8, 2004 [he] was accosted in his trailer" by

defendant Serena Coleman.  Compl. ¶ 20.  It appears that Coleman entered Toms' work trailer to

collect an office water cooler.  See id.  Toms alleges that Coleman "physically assaulted" him

and then reported him to the police.  See id. ¶ 21.  Toms subsequently was arrested by defendant

Raveica, a Capitol Police officer, for assaulting Coleman.  See id. ¶¶ 22-23.  Toms alleges that

Raveica handcuffed him and "chained him to a wall in the USCP [United States Capitol Police]

police office against his will and in violation of his Fourth Amendment rights to be free of

unlawful seizures and unlawful arrests."  Id. ¶ 28.  The charges against Toms later were dropped

and his record was expunged.  See id. ¶¶ 23, 24.  Toms asserts that he is entitled to bring suit and

recover money damages for violation of his Fourth Amendment rights under Bivens v. Six

Unknown Fed. Narcotics Agents, 403 U.S. 388 (1971).  See id. ¶ 1.  He is suing the defendant in

his individual capacity only.  See Plaintiff's Motion to Appoint Federal Marshals to Serve Complaint on Defendant Radu Raveica ¶ 8.

## II. DISCUSSION

Plaintiff bears the burden of establishing personal jurisdiction over each defendant.  See GTE New Media Services, Inc. v. Ameritech Corp., 21 F. Supp. 2d 27, 36 (1998).  In order to meet its burden, plaintiff must allege specific facts on which personal jurisdiction can be based; one cannot rely on conclusory allegations.  See id.  When considering personal jurisdiction, the court need not treat all of the plaintiff's allegations as true.  Instead, the court "may [also] receive and weigh affidavits and other relevant matter to assist in determining the jurisdictional facts."  Jung v. Assoc. of Amer. Medical Colleges, 300 F. Supp. 2d 119, 127 (D.D.C. 2004) (quoting United States v. Philip Morris Inc., 116 F. Supp. 2d 116, 120 n.4 (D.D.C. 2000)); see also Brunson v. Kalil & Co., 404 F. Supp. 2d 221, 223 (D.D.C. 2005).

Before a court may exercise personal jurisdiction over a defendant, the procedural requirement of proper service of summons must be satisfied to assure notice to the defendant. See Omni Capital Int'l v. Rudolph Wolff & Co., 484 U.S. 97, 104 (1987).  There must also be a constitutionally sufficient relationship between the defendant and the forum, and a basis for the defendant's amenability to service of summons.  See Mwani v. Bin Laden, 417 F.3d 1, 8 (D.C. Cir. 2005).  These requirements stem from the Due Process Clause of the Constitution and are a restriction on judicial power as a matter of individual liberty.  See Omni Capital Int'l v. Rudolph Wolff & Co., 484 U.S. at 104.

Plaintiff filed this lawsuit on October 6, 2005. The Court issued an Order on March 27, 2006 which explained to plaintiff that his first attempt at service of process did not comply with Rule 4. See March 27, 2006 Order. The Court also informed plaintiff of the existence of Rule 4(m), which provides:

> If a defendant is not served within 120 days after the complaint is filed, the court – on motion or on its own after notice to the plaintiff – must dismiss the action without prejudice against that defendant or order that service be made within a specified time. But if the plaintiff shows good cause for the failure, the court must extend the time for service for an appropriate period.

See FED. R. CIV. P. 4(m).[2]

On June 29, 2006, the Court denied plaintiff's motion to have the United States Marshals Service serve process on defendant Raveica, and informed the plaintiff that if he did not effect service of process on defendant Raveica and file proof of service with the Court by July 31, 2006, the Court would dismiss the case against Raveica under Rule 4(m). See June 29, 2006 Order. On July 28, 2006, plaintiff filed on the docket of the Court an affidavit of service with respect to defendant Raveica.

Rule 4(i)(3) governs service of process on an officer or employee of the United States sued in his individual capacity "for an act or omission occurring in connection with duties performed on the United States' behalf[.]" FED. R. CIV. P. 4(i)(3).[3] The Rule provides that to

---

[2] This Rule was worded slightly differently at that time, but the differences are not relevant here.

[3] The subparts of Rule 4 of the Federal Rules of Civil Procedure were renumbered and restyled effective December 1, 2007. The Court refers to the Rule with its new numbering. The Court notes that the provision at issue, while it was renumbered and its language was altered in minor ways, was not substantively amended.

effect service on such a defendant, the party "must serve the United States and also serve the officer or employee under Rule 4(e), (f), or (g)." Id.

Service of process upon "an individual within a judicial district of the United States" is governed by Rule 4(e) of the Federal Rules of Civil Procedure. Rule 4(e)(2) states that service upon an individual may be effected by doing any of the following:

> (A) delivering a copy of the summons and of the complaint to the individual personally; (B) leaving a copy of each at the individual's dwelling or usual place of abode with someone of suitable age and discretion who resides there; or (C) delivering a copy of each to an agent authorized by appointment or by law to receive service of process.

FED. R. CIV. P. 4(e)(2). Rule 4(e)(1) also permits service to be effected according to the "state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." FED. R. CIV. P. 4(e)(1). The Civil Rules of the Superior Court of the District of Columbia establish, in pertinent part, service requirements parallel to those contained in Rule 4(e)(2) of the Federal Rules of Civil Procedure. See D.C. SUPER. CT. CIV. R. 4(e)(2). Rule 4(c) of the D.C. Superior Court Civil Rules also permits service to be effected upon an individual "by certified or registered mail, return receipt requested." D.C. SUPER. CT. CIV. R. 4(c)(3). The Maryland Rules of Civil Procedure similarly authorize service to be effected personally, by leaving the appropriate papers at the defendant's "dwelling house or usual place of abode," or "by certified mail." MD. RULE 2-121(a).

The affidavit of service filed by plaintiff on July 28, 2006 includes two pieces of paper from the United States Postal Service. One is a proof of certified mail addressed to defendant Raveica at the Capitol Police business address, signed for by a "Mrs. Wesson." The

5

other is a "delivery confirmation receipt" for mail – *not registered or certified* – addressed to defendant Raveica at an address in Maryland, which the Court assumes is Raveica's home address. Plaintiff did not submit any proof of personal service at defendant Raveica's home. Plaintiff also did not submit proof of service by registered or certified mail to defendant Raveica's home address, as required under the District of Columbia and/or Maryland rules.[4] Accordingly, plaintiff has not met his burden of showing that he effected proper service of process on defendant Raveica. The Court therefore will grant defendant Raveica's motion under Rule 12(b)(5) of the Federal Rules of Civil Procedure.

      An Order consistent with this Memorandum Opinion will be issued this same day.

_____/s/_____
PAUL L. FRIEDMAN
United States District Judge

DATE: January 14, 2008

---

[4] Plaintiff clearly understands that there is a difference between certified mail and regular mail with a "delivery confirmation." See Opp. at 8. He makes no attempt to explain why he did not mail the complaint and the summons to defendant's *home* address by registered or certified mail, although he did send certified mail to the Capitol Police address.